## Court of Appeals.

*November*, 1884.

### PEOPLE *ex rel.* DEVOE *v.* KELLY.

ILLEGAL SENTENCE ON VALID JUDGMENT.

A prisoner in custody under a void sentence upon a valid judgment of conviction should not be discharged on *habeas corpus*, but should be remanded to be sentenced according to law.

APPEAL by Henry Devoe, relator, from a judgment of the General Term in the Third Department of 6th May, 1884, affirming dismissal of a writ of *habeas corpus* by Hon. GEORGE SCRAMLING, county Judge of Otsego county, of March 19, 1884.

The relator was convicted, March 3, 1884, at the court of Sessions of Otsego county, of assault in the third degree, and was sentenced to hard labor in the State prison for one year.

Before the execution of the sentence, and while relator was still in the custody of John Kelly, Sheriff, Otsego county, he

obtained a writ of *habeas corpus,* alleging that the court of Sessions had no jurisdiction to sentence him to State prison.

Upon the hearing the writ was dismissed, and relator appealed to the General Term of the Supreme Court.

Upon such appeal the General Term affirmed the order of dismissal, and wrote the following opinions :

LEARNED, P. J.—The relator was indicted for assault in the second degree. He was convicted of assault in the third degree and sentenced to the State prison for one year. He obtained a writ of *habeas corpus* and urged his discharge on the ground that the sentence should have been to a penitentiary or county jail. His discharge was refused and he appeals.

Two questions arise : 1st. If the sentence should have been as he claims, is he entitled to his discharge on *habeas corpus ?* 2d. Was the sentence incorrect ?

There is no doubt that the decision in People *ex rel.* Tweed *v.* Liscomb, 60 *N. Y.* 570, and still more the language of one of the opinions, gave what seemed to be a new construction to to the provisions of the Revised Statutes, touching *habeas corpus.* Those provisions required the relator to be remanded when " detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction " and forbade the court or judge " to inquire into the legality or justice of any mandate, judgment decree or final order." *Code Civ. Pro.* §§ 2016, 2034. These sections are substantially like the corresponding provisions of the Revised Statutes, and we therefore cite them.

Under this language it was thought that an error in the judgment must be remedied by appeal or writ, of error as the case might be, unless the judgment were such as the court pronouncing it could *under no state of facts whatever* have power to pronounce. But the court of Oyer and Terminer in the Tweed case might under some state of facts have sentenced the prisoner to a term as long as that which was imposed. Whether they could do so upon the state of facts before them was a point—a mistake on which had been supposed to be error—to be corrected as other errors are.

That case, however, has been explained in People *ex rel.*

Woolf *v.* Jacobs, 66 *N. Y.* 10, as holding only that when a court has imposed a sentence to the full limit allowed, it has exhausted its authority, and that after the prisoner has served the term authorized by statute, he is entitled to discharge on *habeas corpus.* Under that construction the decision does not control this present case, for this prisoner has served no term at all.

The case *Ex parte* Lange, 18 *Wall.* 163, is not important here, because there is generally no review of a criminal conviction by writ of error or otherwise in the United States courts. No remedy exists therefore except by *habeas corpus.* And furthermore, that writ is not restricted in the Supreme Court of the United States by any provisions such as those above cited from our Code and Revised Statutes.

The Code of Criminal Procedure by § 515 provides, that the only mode of review is by appeal ; and by § 543, that where an erroneous judgment has been entered, the appellate court may correct the judgment. To this may be added the authority to remit the record to the court below to pass such sentence as the appellate court may direct—chap. 226, laws 1863, if that chapter is still in force ; as to which it is not necessary to inquire.

The prisoner, therefore, in this case, has abundant remedy. He may appeal, and may have his sentence corrected—if it be erroneous.

Now, under this liberal provision, by which the prisoner is amply protected against an unjust sentence, we do not think that it was intended by the legislature, that when such an error as is here alleged has been committed, the prisoner should be set free on *habeas corpus.* Even in the Tweed case it was not pretended that Tweed could have been released until the lapse of the term to which he was properly sentenced.

It may be said by way of argument, suppose the court of Sessions had sentenced this prisoner to be confined on a ship, or in some other place, to which no prisoner can be sentenced ; would not that sentence be absolutely void ? The answer is that that would be a sentence which *upon no facts whatever* could the court impose. The present is a sentence which, *upon proper facts,* might be imposed by the court. We are of the opinion therefore that the county judge was right in not treating the judgment as absolutely void, and in following the pro-

visions of the Code of Civil Procedure above cited and remanding the prisoner.

In this view we have no power upon this proceeding to consider whether there was error in the judgment, because this proceeding is not an appeal therefrom.

But the question of error in the sentence has been argued at length, and as we have formed an opinion thereon, we think it best to state it, in order to save the trouble of further argument in some other proceeding.

The provisions of the Penal Code are somewhat conflicting. We do not think it necessary to go over them in this opinion, and to explain at length how we reconcile them. It is enough to say that considering all the sections, and the general subject of misdemeanors and felonies, and the respective punishments, we are of opinion that imprisonment for assault in the third degree must be in a penitentiary or county jail, and cannot be in State prison. The order should be affirmed.

Bookes, J.*—The return of the sheriff to the writ of *habeas corpus* shows that the relator was held by that officer under a conviction on due trial in the court of Sessions, of Otsego county, of the crime of assault in the third degree, for which offense he had been sentenced by that court to imprisonment in the State prison for the term of one year. The claim made by the relator's counsel for his discharge from imprisonment is put upon the ground that the crime of assault in the third degree is punishable as a misdemeanor by imprisonment in a penitentiary or county jail, or by fine or both, under section 15 of the Penal Code; not by imprisonment in a State prison—hence, that the sentence in this case to imprisonment in the State prison was and is without authority of law, and void. I am entirely of the opinion that the offense of assault in the third degree is but a misdemeanor, and punishable only as such. Whether a crime is a misdemeanor or a felony, is determinable by the grade of punishment authorized by law to be inflicted. Now a misdemeanor is declared to be punishable by imprison-

---

* Dissenting as to that part of county judge's order directing execution of sentence. The conclusions of this opinion are sustained by the Court of Appeals, *infra*, p. 437.

ment in a penitentiary or county jail " for not more than one year, or by a fine of not more than $500, or both " (*Penal Code*, § 15, and section 222, *Id.*, which provides that assault in the third degree is punishable by imprisonment " for not more than one year, or by a fine of not more than $500, or by both)." Thus the punishment for assault in the third degree is identical with that provided for the punishment of misdemeanors. It is therefore clear, as I think, that the relator could only be punished as for a misdemeanor, that is, by imprisonment in a penitentiary or county jail, or by fine, or both. The relator's case comes very manifestly within the purview of section 15, above cited—indeed it is exactly within its terms.

It is insisted by the district-attorney that his case is covered by the provisions of section 703 of the Penal Code, which declares that when a person is convicted of a crime for which the punishment inflicted by law is imprisonment "*for a term of one year*," he may be sentenced to imprisonment in a State prison. But the relator's case (assault in the third degree) calls for punishment for " not more than one year " (§ 222); not " for a term of one year." In the former case the term is for not more than one year, that is, one year or less; in the latter, the term must be for one year, and may be for a longer period. The sentence of the relator should have been pronounced under section 15, to imprisonment in a penitentiary or county jail, or by fine, or both. The sentence to the state prison was without the authority of law, and void. The court of Sessions might as well have sentenced him to imprisonment in a county house, asylum or hospital, as to imprisonment in the state prison, in so far as there is any warrant or authority for the sentence imposed. That the state prison is a place where persons convicted of crime may be by law imprisoned, does not change the legal aspect of the case, inasmuch as even criminals cannot be imprisoned there, save under lawful authority; that is, when convicted of a crime which by law authorizes their confinement in that place. I am of the opinion that the sentence in this case is simply void; that the case is the same as if no sentence had been pronounced. But it by no means follows from this conclusion that the relator is not rightfully in the custody of the sheriff; that officer still holds him as

a convicted criminal. He holds him on valid charge and conviction of crime. This is shown by the record of conviction presented by the sheriff in his return to the writ. He holds him for legal sentence by the court of Sessions on due conviction of assault in the third degree. So the relator should be remanded into the custody of the sheriff, or rather, should be left in his custody to the end that he may have legal judgment passed upon him, and carried into effect. We should not remand him to the end that an illegal and void sentence may be made effectual in his case, but in order to have legal valid judgment pronounced and executed against him. Now, can it be maintained that he should be discharged from custody and go free from punishment, as is claimed by his counsel, for the reason that the term of the court at which he was convicted has closed its session ? In the first place it may be answered that he has caused the delay, and himself created the present condition of the case by his own action. He cannot now gainsay the right of the court to proceed on the conviction when it shall next convene. But again, suppose instead of this proceeding by *habeas corpus*, an appeal had been taken to this court. The *sentence* would then have been reversed, and he would have been required to appear in the court of Sessions for rightful, lawful sentence there; that is, he would have been remanded to the custody of the sheriff, to the end that he might receive lawful sentence. He could not in that case be discharged, on the ground that the term of the court at which he was convicted had closed its session. So here his claim to a discharge on that ground cannot be allowed. The court of Sessions has still jurisdiction in the case to pass sentence. As before suggested, it stands the same as if no sentence had been pronounced. The county judge was, therefore, right in refusing his discharge, even if it be true that the refusal was put on wrong grounds.

It is true of course, that all that can be done on *habeas corpus* is either to discharge the prisoner or remand him to the officer having him in lawful custody, and that the court need go no further or say more than to discharge or remand; but the court must inquire into the cause of detention, and must, in case the prisoner be remanded, see that he is held under

lawful authority, either for trial on a charge of crime or for sentence, if duly convicted, or to have sentence executed when pronounced, if not illegal. So in this case I have sought to determine the grounds of the relator's detention; why he is held in the custody of the sheriff, and for what purpose he should remain in custody. He is found to be, as I think, in lawful custody, being a convicted criminal awaiting lawful sentence therefor. He should therefore be remanded, not discharged.

The case would be quite different were the relator actually in state prison, and held there for punishment only, under the illegal and void sentence here pronounced. In such case the decision in *Ex parte* Lange (18 *Wall.* 163), would require his absolute discharge because held in custody under an illegal and void process. At the same time it might be that the officer who pronounced the illegal judgment or sentence would have judicial protection in an action against him for false imprisonment, as was held in Lange *v.* Benedict (73 *N. Y.* 12). But these questions we need not consider, inasmuch as we find the relator yet subject to the jurisdiction of the court of Sessions, —held in the county jail, by the proper officer as a convicted criminal, subject to legal sentence therefor, by that court. It follows from these conclusions that the county judge was right in remanding the prisoner to the custody of the sheriff, and his order to that effect should be affirmed, but it should be reversed as to that part which directs the execution of the sentence.

BOARDMAN, J., concurs in result.

From this judgment of affirmance relator appealed to this court.

*Lynes & Pierce*, attorneys (*Jas. A. Lynes*, of counsel), for relator, appellant.—I. The offense of which the appellant was convicted was a misdemeanor only, and the court of Sessions had no authority or legal right to sentence him to be confined in the state prison.

Section 56 of the Code of Criminal Procedure makes assault in the third degree the second offense in the list of thirty-four offenses of which a court of Special Sessions has exclusive

jurisdiction in the first instance, and expressly calls it a "misde-meanor," and section 717 of the same Code limits the punish-ment to be inflicted by imprisonment to six months.

There is no provision in the Penal Code or the Code of Criminal Procedure for punishing the crime of assault in the third degree in a State prison, so that it is not a crime which is or may be punishable by imprisonment in a State prison, and must therefore be a misdemeanor, and punishable by fine or imprisonment in a penitentiary or county jail, as provided by section 15, Penal Code.

In State *v.* Gray, 37 *N. J.* 368; 1 *Amer. Crim. Rep.* 554, the defendant was convicted of adultery in the Special Sessions of Essex county and sentenced, on September 4, 1874, to im-prisonment at hard labor in the state prison for the term of six months. He was brought by *habeas corpus* before the court, and motion made for his discharge from custody because the judgment was illegal. The statute provided "that every person convicted of adultery shall be punished by fine not ex-ceeding $100, or by imprisonment not exceeding the term of six months." The illegal part of the sentence was the substi-tution or imposition of the words "hard labor," which were not in the statute. The court held the sentence illegal and void, as being in excess of the jurisdiction of the court, and discharged the prisoner.

In *Ex parte* Jilz, 64 *Mo.* 205; 2 *Amer. Crim. Rep.* p. 217, the petitioner, August, 1876, was tried in the St. Louis court of Criminal Correction and was convicted of criminal abortion, and sentenced by said court to imprisonment in the St. Louis county jail for the term of one year and to the payment of a fine of $500. Under said sentence he was committed to the jail of said county and there remained until the 22d day of Au-gust, 1876, when he applied to Judge LINDLEY, a circuit judge, for a writ of *habeas corpus*, which was by said judge issued, and on hearing of the same the said Jilz was discharged from his said imprisonment on the same day, on the ground that the court of Criminal Correction *had exceeded its power* in senten-cing him, Jilz, to confinement in the *county jail for one year, and that the sentence under it and the commitment were void*, for the reason that under the law applicable to St. Louis county,

said court only had *jurisdiction to sentence him to an impris-
onment for the period of six months in the city work house* of
the city of St. Louis.

In *Ex parte* Lange, 18 *Wall.* 163, the doctrine of that court
is affirmed, and the cases in support of it cited, that where a
prisoner shows that he is held *under a judgment of a Federal
court made without authority of law,* the Supreme Court will
by writ of *habeas corpus,* look into the record so far as to as-
certain that fact, and if it is found to be so, will discharge the
prisoner.

II. The authority of the court, or of a judicial officer
authorized to issue the writ of *habeas corpus* to examine the
proceedings so far as to ascertain whether the trial court has
exceeded its authority upon *habeas corpus,* must be deemed fully
and finally settled. *Ex parte* Lange, 18 *Wall.* 163, 166, and
cases cited in note. People *ex rel.* Tweed *v.* Liscomb, 60 *N.
Y.* 559; People *ex rel.* Trainor *v.* Baker, 89 *N. Y.* 460.

, III. If the trial court had no jurisdiction to impose the
particular sentence it did impose in this particular case, and
upon the facts presented, then the sentence is illegal and void
and the appellant must be discharged. He cannot be remanded
for another sentence, the term of the court at which he was
sentenced having expired. Rex *v.* Ellis, 5 *Barn. & Cress.* 395;
Rex *v.* Bourne, 7 *Ad. & Ellis,* 58; State *v.* Gray, 37 *N. J.*
368, and cases cited; Christian *v.* Commonwealth, (5 Met.) 46
*Mass.* 530; Hopkins *v.* Coussant, 44 *Mass.* 460, 468; *Code
Civ. Pro.* §§ 2043, 2033, subd. 6.

IV. The appellant was not bound to bring an appeal from
the judgment to correct the error. If he was illegally impris-
oned, he had the right to be discharged on *habeas corpus.*
People *ex rel.* Tweed *v.* Liscomb, *supra.*

The judgment of the court was illegal and void, and the
appellant was held under the judgment. There is no pretense
that he was held for sentence or for trial, but expressly held
and detained "under and by virtue of a judgment of convic-
tion." This court in People *ex rel.* Trainor *v.* Samuel N. Ba-
ker, 89 *N. Y.* 460, on page 466 say, "it is the judgment of
the court which authorizes the detention, and that can always
be shown in justification of the detention." If the judgment

is void *in toto* then it affords no justification and the prisoner must be discharged.

The General Term seemed to suppose that the Tweed case, or rather the principles of law therein decided, did not apply where the judgment was wholly void, and cite People *ex rel.* Woolf *v.* Jacobs, 66 *N. Y.* 10, as limiting that case. We do not so understand it, but think this court meant just what it said in the Tweed case.

The provisions of the Code of Criminal Procedure in relation to the review of criminal cases can not affect the remedy by *habeas corpus*, or prevent its operation. People *ex rel.* Tweed *v.* Liscomb, 60 *N. Y.* page 566.

The appellant was not obliged to go to state prison and wait for the decision of the General Term on appeal to reverse the illegal sentence, and then remain in jail until the next court of Sessions, to be resentenced for the same length of time to a penitentiary or county jail.

*Clarence N. Barber,* district attorney, for respondent.

DANFORTH, J.—After conviction at the Otsego Sessions of the crime of assault in the third degree, the relator was sentenced to be imprisoned at hard labor in state prison, for the term of one year. He was afterward brought before the county judge upon *habeas corpus*, and on return made by the sheriff that the relator was in custody under this judgment of conviction, he was remanded, and the sheriff directed to carry out the judgment of conviction and sentence. Upon appeal to the General Term, of the Supreme Court, the order of the county judge was affirmed, and it was further ordered that the original judgment rendered by the court of Sessions be carried into execution.

The court below was of opinion that the sentence was without authority of law and void, that the offense was a misdemeanor and punishable only by imprisonment in a penitentiary or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both, as provided by section 15, of the Penal Code. In this conclusion we concur. But as the court of Sessions exceeded its jurisdiction, its

judgment cannot be enforced. It follows therefore, that the order of the county judge, and the judgment of the General Term, so far as they direct the judgment of the court of Sessions to be carried into effect, should be reversed.

But the conviction is still valid, and the prisoner not entitled to his discharge. He should be remanded to the sheriff of Otsego county, in order that the court of Sessions may deal with him according to law. People *ex rel.* Bork *v.* Gilbert and People *v.* Bork, 2 *N. Y. Crim. Rep.* 177. So far, therefore, as the order of the county judge directs the prisoner to be remanded to the custody of the sheriff it is right, as is also the judgment of the General Term, so far as it affirms such direction, and to that extent they should be affirmed.

All concur, except RAPALLO, J., absent.

NOTE.—As to the general subject of erroneous and void sentences, see an exhaustive article on "Void Sentences," by Seymour D. Thompson, in 4 *Crim. Law Mag.* 797.