Duffy v. Britton.

STATE, JAMES DUFFY, PROSECUTOR, v. EUGENE BRITTON.

1. The supplement to the act incorporating the Long Branch Commission, (*Pamph. L.* 1875, *p.* 477, § 25,) gives the police justices concurrent jurisdiction with justices of the peace in complaints under section 7 of the act concerning disorderly persons.
2. Where one arrested as a disorderly person is discharged on formal objection to the jurisdiction of the police court, he may be immediately re-arrested on warrant issued by a justice of the peace on like complaint.
3. On affirmance of the judgment of a justice of the peace on criminal complaint, where a writ of *certiorari* is brought, the record will be remitted to the justice for execution.

On *certiorari* to a justice of the peace to review a conviction under the act concerning disorderly persons.

Argued at February Term, 1885, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the prosecutor, *W. D. Campbell.*

For the defendant, *W. A. Heisley.*

The opinion of the court was delivered by

SCUDDER, J.   Complaint was made before the defendant, a justice of the peace, at Long Branch, against the prosecutor under section 7 of the act concerning disorderly persons, for disturbing the exercises of a public school, giving annoyance to the children attending such school and the teacher therein. On conviction, he was sentenced to be committed to the county jail for five days.   This writ has been brought to reverse the conviction.   The jurisdiction of the justice is denied because of certain alleged changes made in the law.

The general law, which is applicable by its terms to all justices of the peace, says that any person who shall commit the acts complained of in this action shall be deemed and adjudged

a disorderly person, may be apprehended and taken before any justice of the peace of the county where such person may be apprehended, and when convicted he shall be committed to the county jail of such county, there to be kept at hard labor for any term not exceeding thirty days. The act is very simple and direct in its provisions, and these have been followed in this case. The objections to this justice's jurisdiction are founded in three acts of the legislature. The first is the supplement to the act incorporating the Long Branch Commission. *Pamph. L.* 1875, § 25, *p.* 477. This act provides for a police justice who shall be entitled to use and exercise the like power, authority and jurisdiction in all criminal matters and complaints arising in the said district as the justices of the peace in and for the several counties of this state are or may be by law entitled to use or exercise. This does not confer exclusive jurisdiction on the police justice in criminal complaints, but only gives him concurrent jurisdiction in that district. The next act to which we are referred is the law of 1880, (*Pamph. L., p.* 210,) a supplement to the act concerning disorderly persons, which enacts that in all cities in this state, having police courts or police justices, or a recorder's court, or that may hereafter have such courts, persons arrested for any violation of the provisions of the original act shall be taken for hearing before the police court, justice or recorder's court, and that in all such cities no justice of the peace shall have power to hear, try or determine such cases.

The answer to the objection under this law is that the Long Branch district is not, and was not when this conviction took place, a city in this state, but is governed by a special commission, four members of which are elected by the people and three appointed by the justice of the Supreme Court holding the Circuit for that county. Other places in the state are governed by commissioners elected by the people, and have never been recognized as cities. The act passed in 1885, authorizing such districts to become cities by a popular vote, (*Pamph. L.* 1885, *ch.* 50,) shows that these are distinguished

and not regarded as cities by the legislature. Long Branch is certainly not a city within the terms of this act.

The next law to which we are referred is that relating to the classification of cities, passed in 1882. *Pamph. L., p.* 47. We will not stop to consider the objections made to this law, but examine its terms here quoted. The classification of cities of the fourth class " shall consist of cities of this state bounding upon the Atlantic Ocean and being seaside or summer resorts." Long Branch is not a city within this description. There are such cities, but Long Branch is not a city.

As the law now exists, there is no doubt that the justice of the peace who adjudged this conviction had equal authority with the police justice at Long Branch.

The case shows that there was doubt about his jurisdiction, for the prosecutor was first arrested on complaint before this same justice, who discharged him for want of jurisdiction. He was then arrested and taken before the police justice, who also held that he had no jurisdiction. A second time the complaint was made before the same justice of the peace, who held, tried and convicted him. He has the right to complain of such blundering, by which he was taken before different magistrates in succession, but if he is guilty of a criminal offence he should not escape punishment because of these arrests. He was discharged on formal objections to the jurisdiction of the court, not in a trial on the merits. He was not subjected to a double conviction, for in neither case was he again arrested until he had been discharged from the previous complaint. In civil cases the court will take a second arrest for the same cause of action to be lawful, unless the contrary appears from the facts and circumstances of the case. *Peltier* v. *Receivers*, &c., 2 *Green* 391. If the complaints are obviously oppressive and vexatious, the justice may give relief either by discharging the accused or holding him on his own recognizance, as the facts may warrant. No reason appears to doubt the justice or regularity of the conviction, and it will be affirmed. It has been decided, where the sentence is manifestly illegal, that there is no power to pass a proper sen-

tence, or to remand the prisoner to the court below for sentence, when before this court on *habeas corpus*. *State* v. *Gray*, 8 *Vroom* 368. A different rule prevails in New York. *People* v. *Kelly*, 97 *N. Y.* 212. But on affirmance of the judgment, where a writ of *certiorari* is brought, it has been the practice to remit the record to the justice of the peace for execution of the sentence. Let this record be remitted for that purpose.