PEOPLE ex rel. PECK v. SCHANTZ, Sheriff.

(Ulster County Court. July 25, 1895.)

HABEAS CORPUS—REVIEW.

    One whose conviction is valid will not be released on habeas corpus, though the judgment, which is unreversed, is erroneous because in the disjunctive, and such judgment was incorporated in the mittimus.

Habeas corpus by James E. Peck to Philip Schantz, sheriff of the county of Ulster. Writ dismissed.

Brinnier & Newcomb, for relator.

F. Arthur Westbrook, Dist. Atty., for respondent.

CLEARWATER, J. The relator was convicted at a court of special sessions held by one of the justices of the peace of the town of Shawangunk, in the county of Ulster, for a violation of the excise law, and judgment was rendered as follows: "It is adjudged that said James E. Peck be imprisoned in the jail of Ulster county fifty days, or pay a fine of fifty dollars, and be imprisoned until it be paid, not exceeding fifty days." This judgment was embodied in the commitment under which the relator is held by the sheriff. The matter comes up upon a writ of habeas corpus sued out by the

relator to review his conviction and imprisonment, it being claimed by him that, as the judgment of the court of special sessions is in the disjunctive, it is void, and the sheriff has, therefore, no right to detain him; and In re Hoffman (decided at the Albany special term of October, 1883) 1 N. Y. Cr. R. 484, is relied upon to sustain this position. It is provided by section 515 of the Code of Criminal Procedure that the only mode of reviewing a judgment or order in a criminal action or special proceeding of a criminal nature is by appeal. So far as the proceedings here disclose, the conviction of the defendant was proper. No attempt to review it by appeal has been made, and, if it be valid, the relator ought not to be discharged because of a mere technical error (if error there be) in the mittimus committing him to the county jail. The case of People ex rel. De Voe v. Kelly, 97 N. Y. 212, would seem to be decisive, and must be regarded as overruling the Case of Hoffman, supra, and the other similar cases upon which the relator relies. De Voe was convicted of assault in the third degree (a misdemeanor), and sentenced to be imprisoned at hard labor in state's prison for the term of one year. He sued out habeas corpus before the county judge of the county of Otsego. On the return of the writ it appeared that he was held in custody under this judgment of conviction, and he was thereupon remanded, and the sheriff directed to carry out the judgment. Upon appeal to the general term the order of the county judge was affirmed, and it was further ordered that the original judgment rendered by the court of sessions be carried into execution. An appeal was taken to the court of appeals, which held that the crime for which the relator was convicted was a misdemeanor, and punishable only by imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than $500, or both, and that the court below had exceeded its jurisdiction in adjudging the relator to be confined in a state's prison. But it held that the conviction was still valid, although the judgment was erroneous; that the relator was not entitled to his discharge upon habeas corpus, but that he should be remanded to the sheriff, in order that he might be dealt with according to law; and therefore affirmed the order of the county judge in that particular. Thus it appears that, even if the judgment of the court of special sessions in the case at bar be construed in accordance with the views of the relator's counsel, he is not entitled to his discharge here. It does not seem to me, however, that the judgment pronounced by that court is erroneous, as, by excluding those words which can be treated as surplusage, the judgment can be sustained. There has been some diversity of opinion as to the propriety and legality of reviewing cases of this kind by habeas corpus, but the correct rule appears to be that, where the judgment is valid, and unreversed, an error in the commitment is not sufficient to authorize the discharge of the prisoner from custody. Upon the whole case, I am of the opinion that the writ should be dismissed, and the relator remanded.

Writ dismissed, and relator remanded accordingly.