JOHN McCORMICK v. STATE OF NEBRASKA.

FILED APRIL 7, 1904. No. 13,346.

1. **Criminal Law: ERRONEOUS SENTENCE: DUTY OF APPELLATE COURT.** Where a prisoner has been found guilty on a criminal charge, and the only error that appears on the record is the failure of the court to pronounce a legal judgment against him, it is the proper practice, and this court has the power, after setting aside the void or erroneous judgment, to remand the case and the accused, if sentence has not been suspended, to the district court, with instructions to render judgment on the verdict in the manner provided by law.

2. **Erroneous Sentence: CONSTITUTIONAL LAW.** Confinement in the penitentiary under a void or erroneous sentence, because of the failure of the accused to obtain a suspension of his sentence during the pendency of his proceedings in error, is in no sense a part execution of a legal sentence; and by the rendition and execution of a legal judgment, the accused is not twice punished for the same offense.

3. ————: **POWERS OF COURTS.** An ineffectual attempt of the district court to render a judgment on a verdict according to the provisions of the law, does not deprive that court of the power to pronounce a valid judgment against the accused.

ERROR to the district court for Otoe county: PAUL JESSEN, JUDGE. *Affirmed.*

*Charles O. Whedon, John C. Watson* and *Robert Ryan,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, contra.*

BARNES, J.

In March, 1902, John McCormick, the plaintiff in error, was duly tried and convicted of the crime of murder in the second degree, in the district court for Otoe county. He was sentenced to serve a term of 20 years in the state penitentiary, and from that judgment he prosecuted error to this court. A hearing here resulted in a judgment affirming his conviction, and it was found that there was no error in the record up to and including the verdict. It was disclosed, however, that the trial judge had failed to inform him of the verdict of the jury, and to ask him if he had anything to say why judgment should not be pronounced against him; for that reason the judgment was held to be invalid, and was reversed. *McCormick v. State,* 66 Neb. 337. Thereupon, a mandate was issued directing the trial court to render a valid sentence and judgment on the verdict. It appears that during the pendency of the proceedings in error the plaintiff, having been unable to furnish bail and obtain a suspension of the sentence complained of, was confined in the state penitentiary. On the 4th day of February, 1903, he was again brought into the district court for Otoe county, and was informed by the court of the verdict of the jury, and asked if he had anything to say why judgment should not be pronounced against him. He thereupon objected to the jurisdiction of the court to pass sentence upon him, and contended that by so doing the court would violate his constitutional rights. His objections were overruled, and no other reason having been shown why the court should not render judgment on the verdict, he was sentenced to confinement in the state penitentiary for 19 years. This is a proceeding in error to reverse said judgment.

The plaintiff contends that the judgment herein complained of calls for the infliction of a second punishment for the same offense, and cites in support of his contention, *Ex parte Lange,* 18 Wall. (U. S.) 163. In that case the accused was tried in the circuit court of the United States

for the southern district of New York, for the crime of stealing mail bags of less value than $25. The punishment provided by law for that offense was imprisonment for not more than one year, *or* a fine of not less than $10, nor more than $200. He was found guilty, and was sentenced by the court to one year's imprisonment *and* to pay a fine of $200. He was thereupon committed to jail, and on the following day paid his fine, which was in turn paid into the treasury of the United States. Thereupon the prisoner was brought before the court on a writ of habeas corpus, the same judge presiding, and an order was entered vacating the former judgment, and he was again sentenced to one year's imprisonment from that date. Thereafter he was brought before the supreme court of the United States on a writ of habeas corpus, and the return of the marshal showed the foregoing facts. In granting him his discharge, the court held that the first sentence and judgment was valid in so far as it imposed the fine of $200, but that the accused could not be punished by both fine and imprisonment; that having accepted as valid that portion of the first sentence, which imposed the fine, and having paid, and the government having accepted such payment and turned it into the treasury, from whence it could not be withdrawn, that the second judgment by which the accused was sentenced to imprisonment for one year, if carried out, would amount to his being twice punished for the same offense. Plaintiff also cites *Brown v. Rice,* 57 Me. 55. In that case the prisoner was legally sentenced, and duly committed to imprisonment in the county jail. Several days afterwards he was recalled into court and sentenced on the same indictment and conviction to be imprisoned in the state penitentiary for the term of 3 years. On these facts the court said:

"In this case the warrant had issued, had been executed, the prisoner had been under sentence, and in prison, under the warrant, and had suffered 19 days of confinement. This was a legal sentence, and was in the process of execution, when, for some reason, doubtlessly one that the

judge deemed sufficient, he was brought from the jail, and the former sentence was recalled and revoked and the new one imposed."

The second sentence was illegal because the first one having been a legal sentence, and having been at least partly executed, the trial court had no power to recall the prisoner, set aside its former judgment and resentence him to a term in the state penitentiary.

We have carefully examined each of the other cases cited by the plaintiff in support of his position. Comment upon them singly is neither profitable nor necessary, and can not be indulged in for want of time and space, but we may say that in each and all of them the first sentence imposed by the court was either legal in whole or in part, and hence it was held that the court had no power to set aside the sentence which had been partly or completely executed, and pronounce another and different one. We are in full accord with the doctrine laid down in these cases. But it will be observed that in the case at bar we held that the first sentence imposed upon the plaintiff was void, for the reason that the court in pronouncing it had not proceeded in the manner provided by statute. In this case the trial court did not set aside a former legal sentence and judgment, but this court set aside the sentence because it was null and void. Upon remanding the case to the district court, it stood there on the verdict of conviction, and upon which the trial court was required by law, and the order of this court, to pronounce a valid sentence and judgment. The difference between the cases cited by the plaintiff in support of his contention and the one at bar is a radical one. If the sentence and judgment of the trial court in the first instance had been legal in whole or in part, and if any portion of the same had been executed, it would seem that the plaintiff should be discharged. But such is not the case. The plaintiff prosecuted error because, as he claimed, the sentence and judgment was illegal and void, and his contention was sustained. He was therefore granted the right to have a

valid and legal sentence pronounced against him. This
was one of the things that he contended for, and his con-
finement in the penitentiary, for want of a suspension of
this void sentence during the pendency of his error pro-
ceedings, was no part of the execution of a valid sentence,
and the judgment complained of does not amount to a
second punishment for the same offense.

It is further contended that the order of this court di-
recting the entry of a valid judgment on the verdict, and
the sentence pronounced thereunder, was without warrant,
and thereby the plaintiff was denied justice according to
due process of law.    To support this contention it is
claimed that our criminal code contains no provisions de-
fining or regulating the procedure in a case like the one
at bar, and for that reason this court had no power to
direct the district court for Otoe county to pronounce the
sentence and judgment complained of.    This is not a new
question; and the procedure complained of has been
many times upheld and sanctioned by this court.    The
question first arose in the case of *Dodge v. The People,* 4
Neb. 220.    The plaintiff in error therein was indicted at
the March term, A. D. 1875, of the district court for Otoe
county, for the murder of one James McGuire.    Upon the
trial a verdict of guilty was returned by the jury, and he
was sentenced to be executed on the 14th day of January,
1876.    A writ of error was allowed to this court, and ex-
ecution of the sentence was suspended until its determina-
tion.    It appeared that there was no error in the record
up to and including the return of the verdict of guilty
against the accused.    It also appeared that the court had
failed to inform the accused of the verdict of the jury,
and ask him whether he had anything to say why judg-
ment should not be pronounced against him, and it was
insisted that for that reason the sentence and judgment of
the court was void; that this court had no authority to
either pass sentence or remand the cause to the district
court, with instructions to pronounce sentence in con-
formity with law, and that therefore the prisoner must

be discharged.  The court in answer to this contention made use of the following language:

"We are aware that cases can be found holding, under a statute similar to ours, that there is no authority in this court either to resentence the prisoner, or remand the case to the court below for that purpose.  We may correct errors in any other respect, review the proceedings of the district court, see that the accused has had a fair trial, and that his rights have been properly guarded and secured, but the moment it appears that the court has not fully complied with the law in pronouncing sentence, it is at once ousted of jurisdiction, and the accused must go acquit.  This doctrine, originating in England at a time when the courts of that country held that they had no authority to revise proceedings and judgments in cases of felony, and grant new trials, partakes of the reasoning of that period, that the judgment in a criminal case was absolute, unless a pardon was granted, that if the judgment did not conform to the law there was no power of revision or amendment, and as the prisoner could not be held on an invalid judgment he must therefore be discharged. This doctrine was expressly overruled in *King v. Kenworthy*, 1 Barn. & Cr. (Eng.) *711; and in *Regina v. Holloway*, 5 Eng. Law & Eq. 310, and the English courts now hold that they have full authority in such cases to impose the sentence required by law.  In the case of *Beale v. Commonwealth*, 25 Pa. St. 11, 22, the court held:  'The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine, that a prisoner whose guilt is established by a regular verdict is to escape punishment altogether, because the court committed an error in passing the sentence.  If this court sanctioned such a rule, it would fail to perform the chief duty for which it was established.  Our duty is to correct errors, and to "minister justice;" but such a course would perpetuate error, and produce the most intolerable injustice.' And so it was held that the judgment should be reversed and the cause remanded to the district court, with instruc--

tions to pronounce judgment on the verdict in the manner prescribed by statute. This decision has been followed and affirmed in *Tracey v. State*, 46 Neb. 361; *Griffen v. State*, 46 Neb. 282; *Barker v. State*, 54 Neb. 53, 58, and in our former judgment in this case reported in 66 Neb. 337. The foregoing decisions are based on, and follow the rule announced in, the cases cited in the quotation from *Dodge v. The People, supra*, together with *Benedict v. State*, 12 Wis. 313; *Williams v. State*, 18 Ohio St. 46; *Picket v. State*, 22 Ohio St. 405. We are satisfied with the reasoning of these cases, and have no disposition to set aside so salutary a rule of law, and this rule should no longer be the subject of discussion in this jurisdiction.

Again, if this were a new question, there appears to be no substantial reason why we should not adopt the present rule. Ours is not a court of general original jurisdiction, but in most matters is only a court of review, and yet it. must be conceded that when we have passed on a matter brought before us, for that purpose, we have the inherent power to make such orders and such disposition of the case as will render our judgment effective and the mere fact that the legislature has not seen fit to point out by statute each successive step proper and necessary for us to take does not render us powerless to "minister justice." In the absence of express statutory enactment, reason and authority accord to the courts the inherent power to make such orders and adopt such methods of procedure, not inconsistent with law, as will enable them to properly exercise their jurisdictional powers, and render their judgments and decrees effective. So it was the proper procedure, when it was found that no error was committed by the district court until after the verdict, to remand the cause back to the court, which has express power to render judgment, with directions to perform that duty by pronouncing a valid judgment on the verdict. Indeed the law expressly provides that in criminal cases, where a verdict of guilty has been rendered by a jury, the district court "shall proceed to pronounce judgment as provided by

law." When the former sentence was set aside by this court, and the cause was remanded, the matter then stood before the district court precisely as though no judgment or sentence had ever been pronounced. It was then the duty of that court, irrespective of any order of ours, to pronounce a legal judgment on the verdict. The district court is one of general and original jurisdiction. It had the power to try the plaintiff on the charge preferred against him, and pass such sentence upon him, on the verdict of guilty, as was provided by law; and we are not prepared to hold that by its abortive attempt to render a judgment against the plaintiff, its power to pronounce a legal judgment was lost. It seems clear that the power of the court could only be lost or exhausted by pronouncing a valid judgment. For these reasons we are fully satisfied with our former decisions on this question, and therefore adhere to them.

Plaintiff also insists that notwithstanding the former judgment and sentence of the district court were erroneous and void, yet he had served a portion of his time thereunder; or, in other words, the sentence had been partly executed, and therefore he is entitled to his discharge. To this we can not give our assent. It is true that the plaintiff, during the pendency of his first proceeding in error, was confined in the penitentiary, but section 518 of the criminal code provides that "Every person sentenced to the penitentiary shall, within thirty days and as early as practicable after his sentence, unless the execution thereof be suspended, be conveyed to the penitentiary of this state, by the sheriff of the county in which the conviction took place, and shall there be delivered into the custody of the warden of said penitentiary, together with a copy of the sentence of the court ordering such imprisonment." The failure of the plaintiff to procure a suspension of the erroneous sentence rendered it necessary to confine him in the penitentiary of the state during the pendency of his proceedings in error. And, as before stated, such confinement was no part of the execution of a legal sentence. If

he had obtained a suspension of the sentence, this question would not have arisen, and it would be absurd for us to hold that, by failing or neglecting to obtain such suspension, he could render the courts powerless to punish him for his offense. There can be no doubt but that this court had the implied or inherent power to order the plaintiff to be conveyed from the penitentiary to the district court for Otoe county, for the purpose of enabling that court to pronounce judgment against him on the verdict, as provided by law. To hold otherwise would deprive the courts of this state of the power to punish persons duly convicted of crime, and they would thus not only fail to "minister justice," but would become convenient instruments for the perpetration of injustice.

For the foregoing reasons, we hold that the judgment of the district court was valid, and it is therefore

AFFIRMED.