PEOPLE ex rel. FRIEDMAN v. HAYES, Warden of City Prison.

(Supreme Court, Appellate Division, Second Department. May 5, 1916.)

1. HABEAS CORPUS ⬅️85(1)—MATTERS REVIEWABLE—JURISDICTION—PRE-SUMPTIONS.

The presumption in favor of the jurisdiction of a court, being one of fact, may be rebutted.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 77, 78; Dec. Dig. ⬅️85(1).]

2. HABEAS CORPUS ⬅️27—REVIEW OF JURISDICTION—FINDINGS OF JURISDICTIONAL FACTS.

When the jurisdiction of a court depends on existence of a certain fact found by that court, the fact stands until reversed upon direct review.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 22; Dec. Dig. ⬅️27.]

3. HABEAS CORPUS ⬅️85(1)—JURISDICTION—PRESUMPTIONS—COUNTY COURT.

A County Court is a court of general criminal jurisdiction, whose acts carry the presumption of regularity.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 77, 78; Dec. Dig. ⬅️85(1).]

4. HABEAS CORPUS ⬅️27—SCOPE OF INQUIRY—JURISDICTION.

Habeas corpus is not the remedy for challenge to the jurisdiction of a criminal court upon the ground that sentence was imposed therein during an unlawful continuance of its term.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 22; Dec. Dig. ⬅️27.]

5. CRIMINAL LAW ⬅️1209—PUNISHMENT—DOUBLE PUNISHMENT.

Where the sentence of a felon is void, the action of the court in expunging the first sentence and imposing another does not subject the felon to double punishment, in violation of Const. art. 1, § 6.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3296, 3297; Dec. Dig. ⬅️1209.]

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. CRIMINAL LAW ☞1208(3)—SENTENCE—JURISDICTION—EXTENT OF PUNISHMENT.

    Though a court had jurisdiction of the person and of the offense under the statute, a sentence in excess of the authority given it by statute was void.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3282; Dec. Dig. ☞1208(3).]

7. CRIMINAL LAW ☞1209—SENTENCE—LOSS OF JURISDICTION.

    The criminal court having jurisdiction does not lose it by imposing an illegal sentence, but may substitute a legal sentence, notwithstanding the illegal sentence has been partly executed.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3296, 3297; Dec. Dig. ☞1209.]

8. HABEAS CORPUS ☞30(1)—SCOPE OF INQUIRY—ERRORS AND IRREGULARITIES.

    One is not entitled to relief from mere errors upon habeas corpus, which is not a writ of error or other process of review.

    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25; Dec. Dig. ☞30(1).]

Appeal from Special Term, Kings County.

Habeas corpus by the People, on the relation of Morris Friedman, against John Hayes, Warden of the City Prison. From an order resettling an order dismissing the writ, relator appeals. Affirmed.

Argued before JENKS, P. J., and STAPLETON, MILLS, RICH, and PUTNAM, JJ.

K. Henry Rosenberg, of New York City (Abraham J. Halprin, of New York City, on the brief), for appellant.

Harry G. Anderson, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for respondent.

JENKS, P. J. The return is that the relator was held by a commitment of the County Court of Kings County, dated July 26, 1915, and the commitment annexed thereto shows that at a term of court on that day the relator, after conviction of a felony, namely, receiving stolen property as a second offense, had been sentenced to the state prison at Sing Sing for a term of five years and one month.

[1-4] The relator traversed the return, in that the part of the County Court wherein the relator was tried ceased and determined on the last day of June, 1915. This was to support his contention that the judge who held that part was powerless to impose the judgment of July 26, 1915. It appears that theretofore an application had been made by the relator to the County Court to correct the minutes, and that this application had been first referred by the court to the judge who held the said part in June, who thereupon stated that at the times in question he was regularly holding said part, and that the term held in June had been adjourned and continued, so as to include the days in question, embracing the said July 26, 1915. Thereupon the said application in respect to correction of the minutes to show that the judge who had imposed the sentence on July 26, 1915, was not then holding the term of the court whereat the defendant had been convicted, was denied. Upon the traverse, the Special Term heard the said judge who had held the said part, and the clerk thereof. I think that the

Special Term was justified in its determination that there had been a continuance, and that the sentence was imposed at a term of the court, and at the same term thereof, whereat the defendant had been tried and convicted. The presumption in favor of jurisdiction, being one of fact, may be rebutted, although when jurisdiction depends on the existence of a certain fact, and the court had found the fact, the fact stands until reversed upon direct review. People ex rel. Scharff v. Frost, 198 N. Y. 110, 91 N. E. 376, 139 Am. St. Rep. 801, cited in People ex rel. Hubert v. Kaiser, 206 N. Y. 46, 99 N. E. 195; People ex rel. Price v. Hayes, 151 App. Div. 561, 136 N. Y. Supp. 854. The continuance to the time in question was within the power of the County Court, which is a court of general criminal jurisdiction, whose acts and mandates carry presumption of regularity. Criminal Code, §§ 11, 39; People ex rel. Price v. Hayes, 151 App. Div. 561, 136 N. Y. Supp. 854. And such continuance was within its general powers. Judiciary Law, § 7; People v. Sullivan, 115 N. Y. 185–190, 21 N. E. 1039; People ex rel. Weick v. Warden of City Prison, 117 App. Div. 154, 102 N. Y. Supp. 374, affirmed on opinion of Ingraham, P. J., 188 N. Y. 549, 80 N. E. 1118. In any event, habeas corpus was not the remedy for challenge to the jurisdiction of the court upon the ground that its term was continued unlawfully. People ex rel. Weick v. Warden of City Prison, supra.

[5, 6] The relator also contended that such judgment was invalid, in that it subjected the relator to double punishment and double imprisonment, in violation of section 6, article 1, of the state Constitution. On June 29, 1915, the court had imposed a sentence upon the relator in violation of the statutes that prescribed the punishment. Therefore the court expunged the first sentence and imposed the sentence now under consideration. See in Matter of the Application of James C. Cropsey, 158 N. Y. Supp. 948, decided herewith, wherein we have discussed the power of the court in the premises. I think that the first sentence was void, for the court had undertaken to sentence the relator for a term of one year in the jail (New York county penitentiary), when it must have sentenced him to a term of five years in the state prison. The term was wrong, in that it was less than the law prescribed, and the place was wrong, in that it was not that which the law specifically prescribed. Sections 1308 and 1941, Penal Law (Consol. Laws, c. 40). In Ex parte Lange, 18 Wall. at 176, 21 L. Ed. 872, the court say:

"It is no answer to this to say that the court had jurisdiction of the person of the prisoner and of the offense under the statute. It by no means follows that these two facts make valid, however erroneous it may be, any judgment the court may render in such case. If a justice of the peace, having jurisdiction to fine for a misdemeanor, and with the party charged properly before him, should render a judgment that he be hung, it would simply be void. Why void? Because he had no power to render such a judgment. So, if a court of general jurisdiction should, on an indictment for libel, render a judgment of death, or confiscation of property, it would, for the same reason, be void. Or if, on an indictment for treason, the court should render a judgment of attaint, whereby the heirs of the criminal could not inherit his property, which should by the judgment of the court be confiscated to the state, it would be void as to the attainder, because in excess of the authority of the court, and forbidden by the Constitution."

In Re Mills, 135 U. S. 263, 10 Sup. Ct. 762, 34 L. Ed. 107, where the statute prescribing the punishment did not require that the convict should be confined in a penitentiary, except in cases in which the sentence was for a period longer than one year, and the accused in neither of the cases against him was sentenced for a period longer than one year, the court held that the judgment of the court that sentenced the defendant to a penitentiary for terms of one year and of six months, respectively, was in violation of the statutes, and said:

"The court below was without jurisdiction to pass any such sentences, and the orders directing the sentences of imprisonment to be executed in a penitentiary are void. This is not a case of mere error, but one in which the court below transcended its powers"—citing authorities.

In People ex rel. Tweed v. Liscomb, 60 N. Y. 559, 573 (19 Am. Rep. 211) the court, per Allen, J., say:

"If there was no legal power to render the judgment or decree, or issue the process, there was no competent court, and consequently no judgment or process. All is coram non judice and void."

And it subsequently pointed out that jurisdiction of the person and of the offense under the statute does not suffice to make valid, however erroneous it may be, any judgment that the court may render. In Re Graham, 138 U. S. 462, 11 Sup. Ct. 363, 34 L. Ed. 1051, the court say:

"It is undoubtedly the general rule that a judgment rendered by a court in a criminal case must conform strictly to the statute, and that any variation from its provisions, either in the character or the extent of punishment inflicted, renders the judgment absolutely void."

In People ex rel. Devoe v. Kelly, 97 N. Y. 212, the relator was convicted of a misdemeanor punishable only by imprisonment in the penitentiary or county jail for not more than one year, or a fine, or both, but was sentenced to imprisonment in the state prison for one year. The court, per Danforth, J., say:

"The court below was of opinion that the sentence was without authority of law and void, that the offense was a misdemeanor and punishable only by imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than $500, or by both, as provided by section 15 of the Penal Code. In this conclusion we concur. But as the Court of Sessions exceeded its jurisdiction, its judgment cannot be enforced."

See, too, People v. Carter, 48 Hun, at 167; Freeman on Judgments (4th Ed.) p. 1100 et seq.; Black on Judgments (2d Ed.) § 258.

In fine, the court must have the power to render the judgment made by it. See Knickerbocker T. Co. v. O. C. & R. S. Ry. Co., 201 N. Y. at 384, 94 N. E. 871.

[7] Many of the cases which are cited by the learned counsel for the relator show the fact that the court had imposed a second sentence after the defendant had suffered under the first sentence, which was legal and valid. Thus in Ex parte Lange, supra, the court held that the original sentence—one year's imprisonment *and* a fine, when the statute permitted only imprisonment *or* a fine—was a valid judgment which had been executed by the payment of a fine. But Ex parte Shaw, 7 Ohio St. 81, 82, 70 Am. Dec. 55, is cited as directly in point.

Shaw was sentenced to one year's imprisonment, while the statute required not less than three years' imprisonment, but the court thought, upon habeas corpus, that the first sentence, though erroneous, was valid. This decision is strongly criticized in Black on Judgments, ut supra, and is likewise discussed in Freeman on Judgments (2d Ed.) § 625.

It appears that the relator did pass some days in the New York county penitentiary, where he was taken after the first sentence. But this fact does not entitle the relator to a discharge from the sentence of July 29, 1915. In re Vitali, 153 Mich. 514, 116 N. W. 1066, 126 Am. St. Rep. 535; People v. Farrell, 146 Mich. 264, 109 N. W. 440; McCormick v. State, 71 Neb. 505, 99 N. W. 237; U. S. v. Harman (D. C.) 68 Fed. 474; People ex rel. Devoe v. Kelly, supra; In re Graves (D. C.) 117 Fed. 798. See, too, Beale v. Com., 25 Pa. 11–22; In re Bonner, 151 U. S. 242–259, 14 Sup. Ct. 323, 38 L. Ed. 149. In Re Vitali, 153 Mich. 514, 116 N. W. 1066, 126 Am. St. Rep. 535, the court says:

"The case of People v. Farrell, 146 Mich. 264, 109 N. W. 440, is authority for the proposition that where the trial court has imposed an illegal sentence it has the power to substitute for it a legal sentence notwithstanding the illegal sentence has been partly executed."

In People v. Farrell, supra, the court says:

"First. Has the trial court power to impose a second sentence? There are cases which deny this power. In the Matter of Mason, 8 Mich. 70, People v. Meservey, 76 Mich. 223 [42 N. W. 1133], People v. Kelley, 79 Mich. 320 [44 N. W. 615], are such cases. In these cases, and in similar cases, the sentence first pronounced by the court was a legal one. Where that first sentence is illegal—and I think it clear that the sentence imposed on defendant by the trial court in this case is to be regarded as illegal—the court has power to substitute for it a legal sentence (McCormick v. State [71 Neb. 505] 99 N. W. 237; People v. Dane, 81 Mich. 36 [45 N. W. 655]), and its right to do this is not impaired by the circumstance that the illegal sentence has been partly executed (McCormick v. State. supra), though that circumstance will undoubtedly be considered by the trial court in determining the extent of defendant's punishment. I conclude, therefore, that, notwithstanding the imposition of the first sentence, the trial court may impose a second."

See, too, McCormick v. State, supra, for an instructive discussion. In United States v. Harman, supra, in answer to a similar contention, Philips, J., says:

"The sentence of the court under which the defendant went to prison was void. It was the same in legal effect as if it had been rendered by a justice of the peace or a United States commissioner, or the same as if the Circuit Court had ordered the defendant to be transported or hanged. Such a judgment would be coram non judice, and in contemplation of law would be the same as if never rendered; and the defendant would stand as if he had gone voluntarily and surrendered himself to the warden of the prison. This is the inevitable, logical conclusion from the very premise on which the Circuit Judge discharged the defendant from the sentence of the District Court. He has not paid the fine imposed upon him, nor has he suffered any penalty the court could lawfully impose upon him. It must therefore result that the defendant is subject to resentence on the verdict returned against him."

[8] But, even assuming that I am wrong in that the sentence was not void, but merely erroneous and voidable, as the relator contends,

he was not entitled to relief upon habeas corpus, which is not a writ of error "or other process of review and therefore is not available if the judgment is merely erroneous." People ex rel. Hubert v. Kaiser, 206 N. Y. 53, 54, 99 N. E. 197; People ex rel. Price v. Hayes, supra, 151 App. Div. at page 561, 136 N. Y. Supp. 854. The relator "may, on a writ of error, object that the punishment inflicted upon him is too great in its extent, or that it is different in form from what the law has prescribed." Kane v. People, 8 Wend. at 211. Bishop in his New Criminal Procedure (2d Ed.) says:

"The habeas corpus is not a substitute for a writ of error, and on a judgment simply erroneous, but not void, it will not lie," etc., citing authorities.

I advise that the order be affirmed. All concur.