CARR, STAPLETON and MILLS, JJ., concurred; PUTNAM, J., not voting.

Judgment and order affirmed, with costs.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MORRIS FRIEDMAN, Appellant, *v.* JOHN HAYES, Warden of the City Prison of the City of New York, Kings County, Respondent.

Second Department, May 5, 1916.

Crime — practice — continuance of term for purpose of imposing sentence — correction of erroneous sentence — constitutional law — when no double punishment for crime — habeas corpus — writ does not lie to review errors.

The County Court may continue a term for the trial of criminal cases for the purpose of imposing sentence at a later day.

In any event habeas corpus is not the proper remedy to challenge the jurisdiction of the court on the ground that the term was unlawfully continued.

Where the court imposes a sentence which is void, in that it is less than the term of punishment required by the statute, it may correct the error and impose the lawful sentence, and this is so, although the defendant has served a short time under the void sentence. Such correction of the sentence does not subject the defendant to double punishment in violation of the State Constitution.

Habeas corpus is not a writ of error or available to correct a judgment merely erroneous.

APPEAL by the relator, Morris Friedman, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 16th day of December, 1915, resettling a prior order dismissing a writ of habeas corpus and remanding the relator to custody.

*K. Henry Rosenberg* [*Abraham J. Halprin* with him on the brief], for the appellant.

*Harry G. Anderson, Assistant District Attorney* [*James C. Cropsey, District Attorney,* with him · on the brief], for the respondent.

JENKS, P. J.:

The return is that the relator was held by a commitment of the County Court of Kings county, dated July 26, 1915, and the commitment annexed thereto shows that at a term of court on that day the relator, after conviction of a felony, namely, receiving stolen property as a second offense, had been sentenced to the State prison at Sing Sing for a term of five years and one month.

The relator traversed the return in that the part of the County Court wherein the relator was tried ceased and determined on the last day of June, 1915. This was to support his contention that the judge who held that part was powerless to impose the judgment of July 26, 1915. It appears that theretofore an application had been made by the relator to the County Court to correct the minutes, and that this application had been first referred by the court to the judge who held the said part in June, who thereupon stated that at the times in question he was regularly holding said part; that the term held in June had been adjourned and continued so as to include the days in question, embracing the said July 26, 1915. Thereupon the said application in respect to correction of the minutes to show that the judge who had imposed the sentence on July 26, 1915, was not then holding the term of the court whereat the defendant had been convicted, was denied. Upon the traverse, the Special Term heard the said judge who had held the said part and the clerk thereof. I think that the Special Term was justified in its determination that there had been a continuance, and that the sentence was imposed at a term of the court, and at the same term thereof whereat the defendant had been tried and convicted. The presumption in favor of jurisdiction being one of fact may be rebutted, although when jurisdiction depends on the existence of a certain fact and the court had

found the fact, the fact stands until reversed upon direct review. (*People ex rel. Scharff* v. *Frost*, 198 N. Y. 110, cited in *People ex rel. Hubert* v. *Kaiser*, 206 id. 46; *People ex rel. Price* v. *Hayes, infra.*) The continuance to the time in question was within the power of the County Court, which is a court of general criminal jurisdiction, whose acts and mandates carry presumption of regularity. (Code Crim. Proc. §§ 11, 39; *People ex rel. Price* v. *Hayes*, 151 App. Div. 561.) And such continuance was within its general powers. (Judiciary Law, § 7; *People* v. *Sullivan*, 115 N. Y. 185, 190; *People ex rel. Weick* v. *Warden of City Prison*, 117 App. Div. 154; affd. on opinion of INGRAHAM, J., 188 N. Y. 549.) In any event, habeas corpus was not the remedy for challenge to the jurisdiction of the court upon the ground that its term was continued unlawfully. (*People ex rel. Weick* v. *Warden of City Prison, supra.*)

The relator also contended that such judgment was invalid, in that it subjected the relator to double punishment and double imprisonment in violation of section 6 of article 1 of the State Constitution. On June 28, 1915, the court had imposed a sentence upon the relator in violation of the statutes that prescribed the punishment. Therefore, the court expunged the first·sentence and imposed the sentence now under consideration. (See *Matter of Cropsey* v. *Tiernan*, 172 App. Div. 435, decided herewith, wherein we have discussed the power of the court in the premises.) I think that the first sentence was void. For the court had undertaken to sentence the relator for a term of one year in the jail (New York County Penitentiary), when it must have sentenced him to a term of five years in the State prison. The term was wrong in that it was less than the law prescribed, and the place was wrong in that it was not that which the law specifically prescribed. (Penal Law, §§ 1308, 1941.) In *Ex parte Lange* (18 Wall. 176) the court say: "It is no answer to this to say that the court had jurisdiction of the person of the prisoner, and of the offense under the statute. It by no means follows that these two facts make valid, however erroneous it may be, any judgment the court may render in such case. If a justice of the peace, having jurisdiction to fine for a misdemeanor, and with the party charged properly before him, should render a judgment that

he be hung, it would simply be void. Why void? Because he had no power to render such a judgment. So, if a court of general jurisdiction should, on an indictment for libel, render a judgment of death, or confiscation of property, it would, for the same reason, be void. Or if on an indictment for treason the court should render a judgment of attaint, whereby the heirs of the criminal could not inherit his property, which should by the judgment of the court be confiscated to the State, it would be void as to the attainder, because in excess of the authority of the court, and forbidden by the Constitution." In *Matter of Mills* (135 U. S. 263), where the statute prescribing the punishment did not require that the convict should be confined in a penitentiary except in cases in which the sentence was for a period longer than one year, and the accused in neither of the cases against him was sentenced for a period longer than one year, the court held that the judgment of the court that sentenced the defendant to a penitentiary for terms of one year and of six months respectively was in violation of the statutes, and said: "The court below was without jurisdiction to pass any such sentences, and the orders directing the sentences of imprisonment to be executed in a penitentiary are void. This is not a case of mere error, but one in which the court below transcended its powers," citing authorities. In *People ex rel. Tweed* v. *Liscomb* (60 N. Y. 559) the court, per ALLEN, J., say: "If there was no legal power to render the judgment or decree, or issue the process, there was no competent court, and consequently no judgment or process. All is *coram non judice* and void." And it subsequently pointed out that jurisdiction of the person and of the offense under the statute does not suffice to make valid, however erroneous it may be, any judgment that the court may render (p. 573). In *Matter of Graham* (138 U. S. 462) the court say: "It is undoubtedly the general rule that a judgment rendered by a court in a criminal case must conform strictly to the statute, and that any variation from its provisions, either in the character or the extent of punishment inflicted, renders the judgment absolutely void." In *People ex rel. Devoe* v. *Kelly* (97 N. Y. 212) the relator was convicted of a misdemeanor punishable

only by imprisonment in the penitentiary or county jail for not more than one year, or a fine, or both; but was sentenced to imprisonment in the State prison for one year. The court, per DANFORTH, J., say: "The court below was of opinion that the sentence was without authority of law and void, that the offense was a misdemeanor and punishable only by imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than $500, or by both, as provided by section 15 of the Penal Code. In this conclusion we concur. But as the Court of Sessions exceeded its jurisdiction, its judgment cannot be enforced." (See, too, *People* v. *Carter*, 48 Hun, 167; Freem. Judg. [4th ed.] 1100 *et seq.;* Black Judg. [2d ed.] § 258.)

In fine, the court must have the power to render the judgment made by it. (See *Knickerbocker Trust Co.* v. *O., C. & R. S. R. Co.*, 201 N. Y. 384.)

Many of the cases which are cited by the learned counsel for the relator show the fact that the court had imposed a second sentence after the defendant had suffered under the first sentence, which was legal and valid. Thus, in *Ex parte Lange* (*supra*) the court held that the original sentence — one year's imprisonment *and* a fine, when the statute permitted only imprisonment *or* a fine — was a valid judgment which had been executed by the payment of a fine. But *Matter of Shaw* (7 Ohio St. 81, 82) is cited as directly in point. Shaw was sentenced to one year's imprisonment, while the statute required not less than three years' imprisonment, but the court thought upon habeas corpus that the first sentence, though erroneous, was valid. This decision is strongly criticised in Black on Judgments (*supra*), and is likewise discussed in Freeman on Judgments (2d ed. § 625).

It appears that the relator did pass some days in the New York County Penitentiary, where he was taken after the first sentence. But this fact does not entitle the relator to a discharge from the sentence of July 26, 1915. (*Matter of Vitali*, 153 Mich. 514; *People* v. *Farrell*, 146 id. 264; *McCormick* v. *State*, 71 Neb. 505; 99 N. W. Rep. 237; *United States* v. *Harman*, 68 Fed. Rep. 472; *People ex rel. Devoe* v. *Kelly, supra; Matter of Graves*, 117 Fed. Rep. 798. See, too, *Beale* v. *Com-*

*monwealth,* 25 Penn. St. 11, 22; *Matter of Bonner,* 151 U. S. 242, 259.)   In *Matter of Vitali* (153 Mich. 514) the court says: " The case of *People* v. *Farrell,* 146 Mich. 264, is authority for the proposition that where the trial court has imposed an illegal sentence it has the power to substitute for it a legal sentence notwithstanding the illegal sentence has been partly executed." In *People* v. *Farrell (supra)* the court says: " *First.* Has the trial court power to impose a second sentence ?  There are cases which deny this power.   In the *Matter of Mason,* 8 Mich. 70; *People* v. *Meservey,* 76 Mich. 223; *People* v. *Kelley,* 79 Mich. 320, are such cases.   In these cases, and in similar cases, the sentence first pronounced by the court was a legal one.   Where that first sentence is illegal — and I think it clear that the sentence imposed on defendant by the trial court in this case is to be regarded as illegal — the court has power to substitute for it a legal sentence (*McCormick* v. *State,* 71 Neb. 505; 99 N. W. Rep. 237; *People* v. *Dane,* 81 Mich. 36), and its right to do this is not impaired by the circumstance that the illegal sentence has been partly executed (*McCormick* v. *State, supra*), though that circumstance will undoubtedly be considered by the trial court in determining the extent of defendant's punishment.   I conclude, therefore, that, notwithstanding the imposition of the first sentence, the trial court may impose a second."   (See, too, *McCormick* v. *State, supra,* for an instructive discussion.) In *United States* v. *Harman (supra),* in answer to a similar contention, PHILIPS, J., says: " The sentence of the court under which the defendant went to prison was void.   It was the same in legal effect as if it had been rendered by a justice of the peace or a United States commissioner, or the same as if the circuit court had ordered the defendant to be transported or hanged.   Such a judgment would be *coram non judice,* and in contemplation of law would be the same as if never rendered; and the defendant would stand as if he had gone voluntarily and surrendered himself to the warden of the prison.   This is the inevitable, logical conclusion from the very premise on which the circuit judge discharged the defendant from the sentence of the district court.   He has not paid the fine imposed upon him, nor has he suffered any penalty the court could lawfully impose upon him.   It must, therefore,

result that the defendant is subject to resentence on the verdict returned against him."

But, even assuming that I am wrong in that the sentence was not void, but merely erroneous and voidable, as the relator contends, he was not entitled to relief upon habeas corpus, which is not a writ of error, "'or other process of review,'" and, therefore, is not available "'if the judgment is merely erroneous.'" (*People ex rel. Hubert* v. *Kaiser*, 206 N. Y. 53, 54; *People ex rel. Price* v. *Hayes, supra,* 567.) The relator "may, on a writ of error, object that the punishment inflicted upon him is too great in its extent, or that it is different in form from what the law has prescribed." (*Kane* v. *People*, 8 Wend. 211.) Bishop, in his new Criminal Procedure (Vol. 2 [2d ed.], § 1410), says: "The habeas corpus is not a substitute for a writ of error, and on a judgment simply erroneous, but not void, it will not lie," etc., citing authorities.

I advise that the order be affirmed.

STAPLETON, MILLS, RICH and PUTNAM, JJ., concurred.

Order affirmed.