CAYUGA OIL COMPANY, INC., Respondent, v. HENRY COMSTOCK and Another, Appellants.— Order affirmed, with ten dollars costs and disbursements. The defaulting defendant has filed no affidavit of merits and has not been harmed, and the issue raised by the answering defendant remains open. All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ.

GEORGE A. KING, as Sole Receiver of the Property of JOHN C. BOSTLEMAN, JR., Appellant, v. CORNING TRUST COMPANY, Respondent.— Order affirmed, with ten dollars costs and disbursements, on the authority of Barnes v. Hirsch (215 App. Div. 10; affd., 242 N. Y. 555). All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ.

HARRY L. ALLEN, as Trustee of AMERICAN RAILWAY BROTHERHOOD ASSO-CIATION, INCORPORATED, Appellant, v. CHARLES FINK, Respondent, and Thirty-nine Other Actions Brought by the Same Plaintiff against Other Defendants.— Orders reversed, with ten dollars costs and disbursements, upon the ground that the defendant had no right to take an order granting to him affirmative relief upon the failure of the plaintiff's counsel to appeal. All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ.

In the Matter of the Application of BUFFALO AND ERIE RAILWAY COMPANY for the Appointment of an Arbitrator or Umpire in the Course of an Arbitration between Said BUFFALO AND ERIE RAILWAY COMPANY and AMALGAMATED ASSO-CIATION OF STREET AND ELECTRIC RAILWAY EMPLOYEES OF AMERICA, etc.— Order affirmed, with ten dollars costs and disbursements. All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES C. VOELKER, Appellant.— Judgment of resentence of Erie County Court reversed and set aside and the judgment of resentence heretofore and on the 17th day of May, 1927, imposed by this court* shall remain in full force and effect, upon the ground that the resentence and judgment of imprisonment, pursuant to sections 1941 and 1943 of the Penal Law,† appealed from, are illegal for failure to vacate the previous sentence by the Supreme Court; and upon the further ground that the allegation in the information of a previous conviction for a crime which, if committed within this State, would be a felony, was not legally proved. In such a proceeding the court is confined to the facts charged in the indictment upon which the previous conviction was had. Proof of other facts may not be received. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ.

In the Matter of the Petition of WILLIAM P. ZWILLING and FRANK V. ZWILLING for the Judicial Construction of the Last Will and Testament of MARGARET K. ROOKER, Deceased.— Decree affirmed, with one bill of costs to respondents and one bill of costs to appellants payable out of the estate. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ.

---

* See 220 App. Div. 528, 536.— [REP.

† Respectively amd. and added by Laws of 1926, chap. 457.— [REP.