THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GORDON C. KRUMME, Defendant.

County Court, Kings County, November 30, 1936.

*W. F. X. Geoghan, District Attorney [Henry J. F. Davey* of counsel] for the information.

*Edward A. Kole,* opposed.

FITZGERALD, J.  On September 15, 1936, defendant was convicted of grand larceny in the second degree.

Thereafter, pursuant to sections 1941 and 1943 of the Penal Law, an information was filed charging the defendant with being a second felony offender.  Upon arraignment upon such information the defendant admitted his identity, but challenged the contention of the People that the prior conviction was such as to constitute him a second felony offender.

The pertinent part of the statute is (Penal Law, § 1941): "A person, who, after having been once or twice convicted within this State, of a felony, of an attempt to commit a felony, or, under the laws of any other state, government, or country of a crime which, if committed within this State, would be a felony, commits any felony, within this State, is punishable upon conviction of such second or third offense, as follows: " etc.

The defendant was previously convicted in Connecticut of the crime of " Obtaining money under false pretenses."

Section 6368 of the General Statutes of Connecticut, revision of 1930, defines the crime of " Obtaining money by false pretenses," as follows: "Any person who shall, by any false token, pretense or device, obtain from another any valuable thing or any leasehold interest or the performance of any valuable service, with intent to defraud him or any other person, or shall obtain from another person any valuable thing or the performance of any valuable service by means of delivering a check or an order or draft on a third party, purporting to be an order for the payment of money, when such person knows that the maker is not entitled to draw on the drawee for the sum specified, shall be fined not more than five hundred dollars or imprisoned not more than three years or both."

The conviction is conclusive upon the court.  (*People* v. *Voelker,* 222 App. Div. 717.)

The designation of the crime, however, does not determine the nature of the offense.  (*People* v. *Fegelli,* 163 App. Div. 576; affd., 214 N. Y. 670.)

As heretofore stated, the law is that the conviction must be of a crime which, if committed within this State, would be a felony. (Penal Law, § 1941.)

It is necessary, therefore, to examine the recitals of the information upon which the conviction was predicated.

The information is as follows: " The said defendant, in or about the 23rd day of October, 1933, in the Town Court of Westport,

in the State of Connecticut, * * * was duly by law convicted * * * of the Crime of Obtaining Money by False Pretenses, under the name of Gordon Krumme, upon a certain complaint ʰ * * in which it is alleged that on or about the 18th day of October, 1933, within said Town, Gordon Krumme,. of 511 5th Avenue, New York City, with force and arms, did feloniously aid and abet one George Russel * * * in an attempt to defraud one Frances Manners * * * of $18,000.00 by false misrepresentation and by deception, to-wit: Attempting to sell her thirty lots located at Seville Manor, Wading River, Long Island, New York, falsely represented as salable at $1000.00 each," etc.

·The common-law distinctions between " obtaining money under false pretenses," " embezzlement " and " larceny " have been abolished in this State.

All such crimes are embraced within the definition of larceny. (*People* v. *Katz*, 209 N. Y. 311.) ·

A conviction of the crime of larceny, when the facts relied upon would constitute the crime of " obtaining money by false pretenses " at common law, must be based upon an indictment which recites acts which would constitute the common-law offense of " obtaining money by false pretenses," and the evidence must establish such facts beyond a reasonable doubt. (*People* v. *Baker*, 96 N. Y. 340; *People* v. *Sattlekau*, 120 App. Div. 42; *People* v. *Cooper*, 224 id. 145; *People* v. *Cohen*, 148 id. 205.)

At common law the crime of " obtaining money by false pretenses " could be established only by proof that the money was obtained by representations which were false, and in reliance upon which possession of the money was parted with. The representations had to be of an existing fact. (*People* v. *Blanchard*, 90 N. Y. 319.)

The question is whether the recitals in the information (*supra*) constitute larceny under our statute. Is there set forth therein a representation of an existing fact which was false and upon which reliance was placed? ·

Conceding, for the time, that such representation is set forth, the facts would not constitute larceny, since it is not asserted, nor contended, that any money was obtained as a result of reliance upon such false representations. The charge was an *attempt* to defraud as a result of such false representations and reliance thereon.

An attempt to commit a crime under our statute is defined by the Penal Law (§ 2) as follows: "An act, done with intent to commit a crime, and tending but failing to effect its commission, is ' an attempt to commit that crime.' "

The recital upon which the conviction is based is that the defendant attempted to sell thirty lots, *falsely represented as salable at $1,000 each*, when in fact they were worth $75 each.

Is a representation of the obtainable price for a commodity or for real property a representation of an existing fact? In my opinion, it is not. At best it is an expression of an opinion, and whether honest or dishonest, does not constitute a statement of an existing fact.

Actual value, moreover, is not conclusive upon market value, or obtainable price. It is common knowledge that the intrinsic value of real property often has no relation to the obtainable price. Peculiar circumstances may induce the payment of what might be deemed an exorbitant price for real property. Such situations are not rare. To assert that property offered for sale can be resold for a price much in excess of that for which it is then obtainable does not constitute a representation of an existing fact upon which a criminal charge may be predicated. If it were otherwise, the criminal ranks of this community would be augmented in an unprecedented manner.

The burden is upon the People to prove that defendant is the identical person named in the first conviction, and that the defendant had been convicted of a crime in Connecticut, which if committed in this State would be a felony. (*Matter of Cedar*, 240 App. Div. 182; affd., 265 N. Y. 620.)

In my opinion it appears from the information that no such crime was committed, and that the essential averment is incapable of proof.

Information dismissed.