THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MARVIN P. GAYES, Defendant.

County Court, Schenectady County, February 18, 1948.

*William F. Nicoll, District Attorney,* for plaintiff.

*Charles M. Hughes* for defendant.

LIDDLE, J. Marvin Peter Gayes, petitioner in this proceeding, pleaded guilty on October 14, 1941, in the Schenectady County Court to the charge of burglary in the third degree.

Petitioner herein, Marvin Peter Gayes, makes application on notice of motion to this court and to the District Attorney of this county, for a common-law writ of error *coram nobis.* The petition is sworn to before a notary public and dated October 24, 1947. Among other facts as set forth in the petition, the petitioner alleges that on July 15, 1938, he was illegally and improperly convicted of the crime of burglary, third degree, and was illegally sentenced to the New York State Vocational Institution at West Coxsackie, New York, in that said petitioner at the time and place of said conviction and sentence was denied right to counsel as guaranteed by the due process clause of the Fourteenth Amendment of the Constitution of the United States and section 6 of article I of the New York State Constitution.

The petitioner further alleges that on the 14th day of October, 1941, in the Schenectady County Court, he was again sentenced as a second offender on a plea of guilty to burglary, third degree, for an indeterminate sentence of not less than ten, nor more than twenty years, at Clinton State Prison at Dannemora, New York.

The petitioner in his prayer of relief upon this application, prays for an order to issue under the hand and seal of the Schenectady County Court and for a writ that he be returned to the Schenectady County Court for a hearing on this petition and for an order directing that the sentence of the Schenectady County Court be vacated and set aside and for his arraignment as a first offender and for such other and further relief as the court deems fit and proper.

The District Attorney of the County of Schenectady traverses the petition and denies in his answering affidavit all of the material allegations of petitioner's petition and demands a dismissal of the petition.

In view of the facts and circumstances and unusual allegations of petitioner's petition, this court assigned Charles M. Hughes as counsel upon this application. Counsel for petitioner Gayes has filed with the court an able and lengthy brief urging this

court to vacate and set aside the conviction of petitioner herein and in the Monroe County Court and also demanding thereupon this court to vacate and set aside the sentence pronounced by this court on petitioner as a second offender on October 15, 1941, and resentencing petitioner as a first offender.

It appears from the records as submitted to this court that an indictment was filed in the Monroe County Court on July 13, 1938, accusing petitioner of the crime of burglary, third degree. The record further reveals the following, upon the arraignment by Mr. Clarence J. Henry, Assistant District Attorney. The defendant appeared in person without counsel. " By Mr. Henry, Assistant District Attorney: Q. You spell your last name G-a-y-e-s? By Marvin H. Gayes: A. Yes. Q. Do you have a lawyer? A. No, sir." The District Attorney then reads in the presence of the court and the defendant the contents verbatim of the indictment. Then follows the following: " Q. Do you need a lawyer before you enter a plea of guilty or not guilty to this indictment? A. No, sir. Q. What is your plea? A. Guilty. Q. You have not received any promises from the district attorney or any member of his staff as to what disposition will be made of your matter? A. No, sir."

It then appears that on July 28, 1938, at 10 A.M., before Judge KOHLMETZ, the following took place: " Mr. Henry: The People move this matter for sentence. The Clerk: Have you any legal cause to show why the judgment of the court should not now be imposed upon you? The Court: Have you anything to say? Marvin H. Gayes: No sir. The Court: It is the sentence of the court that you be (fols. 7-8) committed to the New York State Vocational School at West Coxsackie, New York, and dealt with there according to law."

Thereafter the history of this petitioner appears to be that he was released on parole from the New York State Vocational Institution at West Coxsackie, New York, and came to the County of Schenectady, and that the Grand Jury of the County of Schenectady indicted the petitioner herein as Marvin Peter Gayes for the crime of burglary, in the third degree. That on the 19th day of September, 1941, he was arraigned in Supreme Court of the County of Schenectady, and with the advice of counsel, Joseph Skoda, entered a plea of not guilty to the indictment. That thereafter, the indictment was duly transferred from the Supreme Court to the Schenectady County Court. That Joseph Skoda withdrew as counsel for the defendant on October 6, 1941, and Charles M. Hughes was assigned as counsel for the defendant. That thereafter, with the advice of

counsel, Marvin Peter Gayes entered a plea of guilty to the charge of burglary in the third degree and that on October 15, 1941, the District Attorney of the County of Schenectady, before the Schenectady County Court, JAMES W. LIDDLE, presiding, arraigned the defendant, Marvin Peter Gayes as a second offender. He was advised of his constitutional rights and his right to a jury trial to determine whether he was the same person as previously convicted in the Monroe County Court, and with the advice of his counsel, Charles M. Hughes, admitted in open court that he was the same person so convicted and that he was a second offender. Whereupon the presiding judge of the Schenectady County Court, on the 15th day of October, 1941, pronounced judgment and sentence.

The record of the Schenectady County Court further reveals that at said time and place and in the presence of counsel, the court stated and asked the defendant whether he had good and sufficient reason why sentence should not then be pronounced. After a. conference between petitioner herein, Marvin Peter Gayes and his counsel, Charles M. Hughes, Mr. Hughes addressed the court requesting such degree of lenience as commensurate with the facts and circumstances, whereupon this court pronounced sentence and judgment and sentenced Marvin Peter Gayes as a second offender to be confined in Clinton Prison at Dannemora, New York, for a term of not less than ten years nor more than twenty years.

It now appears that Marvin Peter Gayes made application for a writ of error *coram nobis* before the Monroe County Court. This application was returned before the Monroe County Court on May 16, 1946. It appears that the District Attorney did not traverse the writ by filing a reply thereto. The application for the writ of error *coram nobis* prayed for an order to vacate and set aside the judgment of conviction imposed as heretofore referred to on the ground that the constitutional rights of the defendant and petitioner herein were denied. The Monroe County Court denied the motion to vacate the judgment of conviction and sentence.

Thereafter petitioner herein, Marvin Peter Gayes, on a writ of certiorari to the County Court of Monroe County, State of New York, issued out of the Supreme Court of the United States, October Term, 1946, No. 405 (329 U. S. 710), made an order allowing the writ of certiorari, which was filed on December 16, 1946. The United States Supreme Court thereupon assigned one Herbert Wechsler, *in forma pauperis*, to appear for petitioner before the United States Supreme Court, in the matter of the

denial of the Monroe County Court of petitioner's motion for a writ of error *coram nobis*. At the October, 1946, term of the Supreme Court of the United States, the argument on the writ of certiorari took place. It appears that Herbert Wechsler appeared as attorney for the petitioner upon this application, Gayes, and Harry L. Rosenthal appeared as counsel for the respondent, the Monroe County Court.

On June 23, 1947, the United States Supreme Court rendered its decision by a divided court (332 U. S. 145), Mr. Justice FRANKFURTER announcing the judgment of the court in an opinion in which the Chief Justice, Mr. Justice REED and Mr. Justice JACKSON joined, together with Mr. Justice BURTON concurring in the result. Among other things, the majority opinion of the United States Supreme Court held as follows and I quote: " Gayes is complaining of his sentence following his plea of guilty in 1941. What he wants is to be relieved of his imprisonment under that sentence. That sentence, to be sure, partly took into account his earlier sentence in 1938. But upon his subsequent sentence, as a second offender, in 1941, he had full opportunity, so far as appears, to contest whatever infirmity he may have claimed in the earlier sentence when the fact of that sentence was included in the sentence which he is now serving. Since the process leading up to the second sentence is not challenged he cannot now, so far as the United States Constitution is concerned, by a flank attack, challenge the sentence of 1938."

On the contrary, the minority decision of the United States Supreme Court, with Mr. Justice RUTLEDGE writing the opinion, and Mr. Justice BLACK, Mr. Justice DOUGLAS and Mr. Justice MURPHY concurring, dissented from the majority opinion and used the following language: " In my judgment it is for the state, not this Court, to say whether the attack upon the first sentence as increasing the second shall be made on the flank or frontally, or perchance in either way. Indeed, under the law of New York, which is controlling on us, the so-called, ' flank ' attack is apparently the only one now open to petitioner. In the face of so clear a violation of constitutional right as this case presents, we should neither foreclose that avenue nor substitute for it another dubiously available one of our own manufacture."

Now, on the application before this Schenectady County Court, in view of this history, petitioner again petitions this court on a writ of error *coram nobis* to vacate and set aside the sentence and judgment of the court as pronounced on October 15, 1941. The petitioner is following the reasoning of the dissenting opinion in the United States Supreme Court rather than the

majority opinion and asking for a flank attack and asking the Schenectady County Court to hold that the Monroe County Court's judgment and conviction should be vacated because it is alleged the petitioner's constitutional rights were denied when he was convicted of the crime of burglary, third degree, in that court.

If such a procedure were followed, the orderly administration of the criminal law would be subjected to conflict, uncertainty and confusion. It would be establishing a precedent of one court of equal jurisdiction vacating or entertaining applications or setting aside its decrees and judgments and such procedure would only lead to a chaotic situation in the fair administration of justice and in the ultimate conclusion would contribute to a lack of substantial justice to the People of the State of New York.

Further, it seems that the procedure in the State of New York has been substantially established wherein it is held that a court of criminal jurisdiction has inherent power to set aside, upon motion, its own judgment based upon fraud or misrepresentation. So far as can be determined, no fraud or misrepresentation is alleged or charged when sentence and judgment was pronounced on petitioner, except by inference through a collateral attack upon the judgment and sentence of the Monroe County Court. (See *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *Matter of Morhous* v. *N. Y. Supreme Court,* 293 N. Y. 131, and *Matter of Hogan* v. *N. Y. Supreme Court,* 295 N. Y. 92.)

Confronted by this authority and the learned majority opinion of Mr. Justice FRANKFURTER of the United States Supreme Court, this court is of the opinion that petitioner's application for a writ of error *coram nobis* to vacate the judgment and sentence of this court, of October 15, 1941, is accordingly denied. Petitioner's application for a writ of error *coram nobis* is therefore dismissed. Submit order.