THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS MAR-
LOWE, Relator, against WALTER B. MARTIN, as Warden of
Attica State Prison, Defendant.

County Court, Wyoming County, May 6, 1948.

*Thomas Marlowe*, relator in person.

*Nathaniel L. Goldstein, Attorney-General* (*Emil L. Cohen* of counsel), for defendant.

*Frank S. Hogan, District Attorney* (*Edward T. Perry* of counsel), for the People of the State of New York.

CONABLE, J. This relator is serving a life sentence in the Attica State Prison imposed by the Court of General Sessions of New York County for the crime of robbery in the third degree. The information filed against him in that court set forth three previous convictions, the third of which was rendered February 9, 1934, in the Criminal Court of Baltimore, in the State of Maryland. The information charges that it was a conviction of forgery. In this proceeding the relator has claimed that this was not a conviction of forgery but of a crime which would be only a misdemeanor if committed within this State. He has produced the records of the Baltimore court relating to his conviction. A certified copy of the minutes of the court show that an indictment was filed February 5, 1934.

The indictment consists of three counts, the first charging the forging of a check for $10 drawn on the Union Trust Company of Baltimore payable to James O'Brien and signed Georges Trans. A second count charges the utterance of the same forged check. The third count, without in any way referring to the check or other transactions alleged in the first two counts, charges him with having obtained from one Jacob Burke with intent to defraud, the sum of $8.50. There is nothing in the indictment from which it may be inferred that the third count relates to either of the charges set forth in the first two counts.

The judgment of conviction, if it amounts to that, consists solely of minutes, the applicable parts of which are as follows:

" February 5, 1934    Indictment filed.
February 9, 1934    Arraigned and pleads guilty.
February 9, 1934    Submits under plea Guilty before Solter, judge.
February 9, 1934    Judgment: Six months in jail."

It will be noted that the relator was not attended by counsel. It does not appear whether the indictment was read to him. It does not appear to which of the three counts he pleaded guilty, or even that he pleaded guilty " as charged". If from this record it may be assumed, as it is argued, that he pleaded guilty to all counts, the judgment became complete as to only one,

because he received only one sentence. It does not appear whether the six months' sentence was imposed for forgery or petit larceny. It does not appear what disposition was made of the other charges. Was sentence suspended upon them, or were they simply disregarded and the judgments left incomplete? (See *People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249.)

The record is defective by New York State standards. It is provided by section 485 of our Code of Criminal Procedure that the clerk must enter judgment on the minutes stating briefly the offense for which the conviction has been had. In the case of *People* v. *Flagg* (10 App. Div., 624) the judgment of conviction did not specify the crime except by reference to the indictment which contained more than one count. It did not show what disposition was made of the several counts in the indictment. The judgment was remitted to the court for correction. In *People* v. *O'Neil* (47 Hun 155) the Appellate Division declined to hear an appeal until a proper judgment was entered. In that case the minutes did not specify the crime of which the defendant was convicted and it could not be determined by reference to the indictment what the crime was. In the case of *People* v. *Kaminsky* (208 N. Y. 389), the Court of Appeals states that the crime of which the defendant was found guilty should have been distinctly stated in the minutes.

It is stated in volume 16 Corpus Juris Criminal Law, section 3111, '' Both at common law and now usually by statute, the judgment must state concisely and intelligibly the offense of which defendant was convicted.'''

If the relator has been convicted under the laws of the State of Maryland of forging a check or uttering a forged check and the conviction is valid according to the laws of that State, then his sentence by the Court of General Sessions was correct. It is not necessary that the conviction in Maryland should have been obtained in accordance with the standards prescribed by New York Law. (*People ex rel Fellman* v. *Foster,* 184 Misc. 213, affd. 270 App. Div. 877, affd. 296 N. Y. 954.)

The question here is whether the record of the Baltimore Criminal Court is sufficient to establish that he was so convicted. If the records are sufficiently explicit then they may not be attacked collaterally and parol evidence may not here be received to contradict them. If, however, the record is ambiguous or lacking in an essential element, parol evidence may be received to supply the information which the record fails to supply, although such evidence may not be received to contradict the record.

The learned District Attorney of New York County has cited decisions of certain southern States which seem to indicate that in those particular States general pleas of guilty which refer to indictments specifying various separate crimes, amount to convictions of all the separate charges contained in the indictments although the minutes and other records are silent as to whether the defendant pleaded guilty to one or more or to all of the charges set forth.

At the various hearings in this matter this view of the law has been discussed, but I have been furnished with no proof as to what may be the law of the State of Maryland in this regard, nor have I found any.

It is the claim of the relator that he was told that his plea of guilty to false pretenses, that is, to the charge set forth in the third count of the indictment, would be accepted, and that he did plead guilty only to that charge. Some substance is furnished to his claim by the fact that the Maryland Court sentenced him to six months in jail. This would seem a sentence more appropriate to a misdemeanor conviction than to forgery.

While the question involved may not be free from doubt, this court has determined to consider, under objection by the Attorney-General, the testimony of the relator.

In view of the unsatisfactory state of the records of the court at Baltimore, the testimony of the relator and the other circumstances outlined above, it seems to me proper to hold that it was not sufficiently proved to the Court of General Sessions of the County of New York at the time of relator's sentence, that he had been convicted in accordance with the laws of the State of Maryland of forgery as alleged in the information filed against him. (*People* v. *Voelker,* 220 App. Div. 528, 222 App. Div. 717.)

The New York courts must give full faith and credit to judgments of sister States, provided such judgments are sufficiently proved. This is not to say that we must accept foreign records which are, as here, insufficient according to our standards.

The learned assistant attorney-general has suggested that this question may not be considered in habeas corpus, citing the cases of *People ex rel. Carr* v. *Martin* (286 N. Y. 27), *People ex rel. Wachowicz* v. *Martin* (293 N. Y. 361) and *Matter of Morhous* v. *Supreme Court* (293 N. Y. 131). This question, however, has been authoritatively determined by *People ex rel. Carolla* v. *Brophy* (294 N. Y. 540) where the cases last above mentioned were cited in the brief of the Attorney-General, but apparently distinguished.

It is my conclusion that the sentence of the relator as a fourth offender was not justified by the record, and that an order should enter remanding the relator to the custody of the Sheriff of New York County for resentence upon his conviction of June 12, 1944, of robbery in the third degree.

Since writing the foregoing memorandum my attention has been called to the case of *Gayes* v. *New York* (332 U. S. 145) and also to *People* v. *Gayes* decided by the County Court of Schenectady County (190 Misc. 865, 867). These cases may have a bearing upon the case before this court. In that case Gayes had been sentenced by the Schenectady County Court as a second offender. His previous conviction was in the Monroe County Court. There he was arraigned for third degree burglary and petit larceny in the year 1938. Upon his arraignment he was asked '' Do you need a lawyer before you enter a plea of guilty or not guilty to this indictment '', to which he answered '' no ''. Upon this record he claimed he was improperly sentenced as a second offender for the reason that the Monroe County conviction was void because he did not intelligently waive his right to counsel. As a preliminary to a motion to set aside the second sentence, he moved in the Monroe County Court to vacate his sentence there upon the grounds stated. That court having denied his motion, he asked the Supreme Court of the United States for certiorari to review the determination of the Monroe County Court.

The effect of the decision of the Supreme Court may not be clear. The opinion of Mr. Justice FRANKFURTER seems to adopt reasoning contrary to well-established rulings of the Court of Appeals of the State of New York. It states in effect that since Gayes admitted in the Schenectady County Court that he was the same person convicted in the Monroe County Court as charged by the information, and since he did not then challenge the former conviction, he was thereafter precluded from raising the question. This opinion seems to disregard the following New York decisions: *People ex rel. Hirschberg* v. *Orange County Court* (271 N. Y. 151); *People* v. *Gowasky* (244 N. Y. 451, 464); *People ex rel. Sloane* v. *Lawes* (255 N. Y. 112); *People ex rel. Marcley* v. *Lawes* (254 N. Y. 249); *People ex rel. Carollo* v. *Brophy* (294 N. Y. 540, *supra*).

The question arises whether the New York courts are bound to follow the reasoning of this opinion as applied to such cases as the one now before this court. It does not seem that it is necessary for us to do so. The dissenting opinion written by Justice RUTLEDGE was also concurred in by three other justices.

Thus four justices rejected in no uncertain terms the principle advanced as controlling by four other justices. The decision of the County Court of Monroe County was affirmed upon the vote of Mr. Justice BURTON who concurred *in result*. It would seem reasonable to suppose that to his mind the action of the Monroe County Court in asking Gayes whether he needed a lawyer before he pleaded guilty and his reply that he did not, may have shown a sufficient regard for his constitutional rights. There is nothing to indicate that Mr. Justice BURTON disagreed with the law as heretofore announced by the New York courts. To my mind there is nothing in this decision which requires a change of the conclusion reached above.