THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD J. DARLING, Relator, against WALTER B. MARTIN, as Warden of Attica State Prison, Defendant.

County Court, Wyoming County, November 19, 1951.

*Richard J. Darling,* relator in person.

*Nathaniel L. Goldstein, Attorney-General (Frederick T. Devlin* of counsel), for defendant.

CONABLE, J. This relator, an inmate of the Attica Prison, has instituted some five previous writs of habeas corpus in this court, which have been dismissed. He has made three applications in the nature of writs *coram nobis* to the County Court of Oswego County where he was convicted. Upon the occasion of the last of these applications *coram nobis* he had claimed that his previous conviction, which had been counted to make him a second offender, had been obtained when he was under the age of sixteen years. After hearing the evidence upon this point the learned County Judge denied the application. He had, however, received a communication from Dr. Martin, the re-

spondent in this proceeding, calling attention to the fact that on June 16, 1947, the Oswego County Court had sentenced relator upon his conviction of grand larceny in the second degree after proceedings pursuant to sections 1941 and 1943 of the Penal Law, to a term of not less than two and one-half, nor more than ten years, while the law as it then read made mandatory a sentence the minimum of which could not be less than five years. The Oswego County Court thereupon, upon the motion of the District Attorney, made an order correcting the sentence of June 16, 1947, to provide for imprisonment of not less than five nor more than ten years. The minutes of the court reveal that it did not specifically vacate the sentence of two and one-half to ten years imposed June 16, 1947.

The relator contends that the sentence last imposed is invalid, that he was twice put in jeopardy, that two sentences are in effect against him. He asks that the court make an order returning him again to the Oswego County Court to be again resentenced.

He relies upon the cases of *People* v. *Voelker* (222 App. Div. 717) and *People ex rel. Barrett* v. *Hunt* (257 App. Div. 919). Both of these cases were decided in this department and both contain the broad statement that a second sentence imposed without the vacating of a previous sentence is void.

A similar question was presented to this court in the matter of *People ex rel. Garcia* v. *Warden* (July 31, 1947). In the memorandum written in that case this court attempted to distinguish the *Voelker* and *Barrett* cases cited above. It was pointed out that in the *Voelker* case the defendant was originally illegally sentenced as a second offender. Upon appeal to the Appellate Division that court held he was illegally sentenced as a second offender and proceeded to impose a new sentence upon him as a first offender. (220 App. Div. 528.) Later the Erie County Court, in disregard of the holding of the Appellate Division, resentenced him a second time as a second offender upon a record which was still insufficient for that purpose. In that case it is apparent that the new sentence which the County Court of Erie County imposed without vacating the sentence imposed by the Appellate Division was erroneous and the defendant there had been prejudiced. In the *Barrett* case (*supra*) the relator there had been illegally sentenced as a fourth offender. He was again illegally sentenced without vacating the prior sentence. The new sentence imposed was without deduction of the time served on the previous illegal sentence, in violation of *section 1943 of the Penal Law*.

In each of these cases the substantial rights of the convict had been disregarded.

The case of *Garcia* which was before this court July 13, 1947, was affirmed by the Appellate Division of the third department. (See *People* v. *Garcia,* 272 App. Div. 1084.)

It would seem, therefore, that it is the holding of the Appellate Division in this department that an authorized sentence imposed in correction of a previous illegal sentence is not invalid solely by reason of failure to vacate a prior illegal sentence.

There seems to have been some confusion in the decisions of the appellate courts as to the use of the terms " invalid," " erroneous " and " void " as applied to sentences in criminal courts. It seems sometimes, to have been regarded that a sentence pronounced by a court which was beyond its powers, should be regarded as void and not merely erroneous. (See *People ex rel. Friedman* v. *Hayes,* 172 App. Div. 442; *Matter of Cropsey* v. *Tiernan,* 172 App. Div. 435, and *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559, 591.)

However, the more recent case of *People ex rel. Kerrigan* v. *Martin* (291 N. Y. 513, motion for reargument denied, 291 N. Y. 662) seems to indicate that a sentence clearly beyond the power of a court is not void in the sense indicated above, but is merely erroneous. It was there held that such a sentence might be corrected *nunc pro tunc* as of the date of its original imposition. To the same legal effect is the holding of *Matter of Moore* v. *Thorne* (245 App. Div. 180, affd. 270 N. Y. 502).

The mandatory direction in *section 1943 of the Penal Law* that the court shall vacate the previous sentence refers to a previous legal sentence imposed by the court in the absence of an information charging previous convictions. It does not apply here because the previous sentence was not a legal one.

It seems to me that the procedure of the Oswego County Court was proper. The sentence of June 16, 1947, was an erroneous sentence. The court, therefore, had the power to correct it. If it could be corrected it did not need to be vacated, nor would it have needed to be vacated had it been void. The court having corrected it, it still takes effect as of June 16, 1947, and the relator will be entitled to credit for the time he has served upon it. No important right of the relator has been violated. If this court were to send him back for resentence, the Oswego County Court might go through the empty formality of vacating the previous sentence. It would still be required to impose a new sentence which could carry a minimum of not less than five

years. The court would have no power to suspend the sentence or the execution of it. (See *Matter of Moore* v. *Thorne,* cited above.)

A sentence illegal because less than that prescribed by law may be corrected by imposition of a longer legal sentence. (*People ex rel. Friedman* v. *Hayes,* 172 App. Div. 442, *supra.*)

There is no question of double jeopardy involved. (See *People* v. *Garcia,* 272 App. Div. 1084, cited above.)

Courts will not concern themselves with idle formalities affecting no substantial rights. (See *People ex rel. Rothermel* v. *Murphy,* 274 N. Y. 281.)

It was otherwise in both the *Voelker* and *Barrett* cases cited above.

In my opinion an order should enter dismissing the writ and remanding the relator to the custody of the Warden.