■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GORDON C. FINK, Appellant.— STALEY, JR., J. Appeal from a judgment of the Supreme Court, Otsego County, entered April 25, 1966, resentencing the defendant upon a plea of guilty to the crime of burglary in the third degree to a term of not less than 10 years, nor more than 20 years, and to the crime of grand larceny in the second degree to a term of not less than 5 years, nor more than 10 years, both sentences to run concurrently. The defendant was originally sentenced on July 17, 1956, by the same Judge, for the same crimes as a third felony offender to terms of not less than 10 years, nor more than 11 years on the burglary count, and not less than 5 years, nor more than 10 years on the grand larceny count, both sentences to run concurrently, but to commence after service of the balance of a sentence as a result of a conviction in Otsego County in the year 1940. The appellant instituted a proceeding in the United States District Court which found in his favor, that the 1940 conviction was invalid because he had not been afforded the constitutional

right to assistance of counsel, and that court remanded him to the Supreme Court of Otsego County for resentence upon the July 17, 1956 conviction. Pursuant to the order of the District Court, the defendant was resentenced by the Supreme Court, Otsego County to longer terms than the sentence imposed in 1956. He contends that the sentence of April 25, 1966 is excessive, and in violation of his constitutional rights. Harsher penalties may constitutionally be imposed upon resentence, if there exists a valid reason for the imposition of such sentence. (*Patton* v. *State of North Carolina*, 256 F. Supp. 225.) In the instant case, the reasons for the harsher sentence are not set forth in the record on resentence. It may be that the sentence was an improvident exercise of discretion, but this cannot be ascertained from the record. (*People* v. *Gerstenfeld*, 14 A D 2d 517; *People* v. *Williams*, 6 A D 2d 900; *People* v. *Small*, 2 A D 2d 935.) The defendant also contends that the court should have permitted him an opportunity to produce evidence concerning an agreement alleged to have been made in 1956 concerning the sentence to be imposed. A promise of a sentence is material, and the defendant should have been afforded an opportunity to present his proof. (*People* v. *Scott*, 10 N Y 2d 380; *People* v. *Parwulski*, 18 A D 2d 775.) The issue of such an agreement having been brought to the attention of the court prior to sentencing, appellant's request to produce evidence of the agreement should have been granted, rather than let the issue await determination in further proceedings. (*People ex rel. D'Agostino* v. *Murphy*, 20 A D 2d 756.) These considerations require reversal of the judgment, and remand. Judgment reversed, on the law and the facts, to the extent of vacating the resentence imposed on April 25, 1966, and remanding the case to Supreme Court, Otsego County, for the purpose of resentencing in accordance herewith. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Staley, Jr., J.