Meyer Tobias, J.
Plaintiff moves for summary judgment. A review of the facts is necessary to arrive at a decision.
The plaintiff purchased a new 1967 Chevrolet Chevelle automobile on April 18, 1967, and defendant issued a policy of insurance for said automobile effective April 18, 1967 and expiring April 18, 1968. The policy, inter alia, insured plaintiff against loss by “ theft or larceny ”.
Thereafter, but prior to October 27, 1967, plaintiff noticed a 1967 Chevrolet Corvette parked near his place of employment. That car contained a sign which read: “4 Sale,” and listed a telephone number to call. At that time plaintiff noticed a person approach that car and plaintiff asked said person if he knew the owner of the 1967 Corvette and what the price was. Said person introduced himself to plaintiff as Dominic Aprigliano, “ and stated that he owned the Corvette and wanted to sell it.” (Italics added.) Subsequently, plaintiff entered into an arrangement with said Dominic Aprigliano, whereby plaintiff would transfer title to his 1967 Chevelle, to said Aprigliano and also pay the sum of $550 in cash, and that Aprigliano would transfer title to his 1967 Corvette to plaintiff.
In reply to plaintiff’s questions said Aprigliano stated that title was clear and that there were no liens on the automobile.
On October 27, 1967 the transaction was completed as heretofore agreed upon, at the Manufacturers Hanover Trust Company, in the presence of the bank manager.
On January 17, 1968 plaintiff was informed by the New York City Police Department that the Corvette automobile was, in fact, a stolen car. Plaintiff was compelled to surrender the Corvette to the police.
Plaintiff then commenced this action against the defendant insurance carrier to recover damages for the loss of his original Chevelle automobile — which he never recovered — under that provision of the policy insuring him against loss by ‘ ‘ theft or larceny ”.
Section 155.05 of the Penal Law provides as follows:
‘ ‘ Larceny; defined.— 1. A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or witholds such property from an owner thereof.
2. Larceny includes a wrongful taking, obtaining or withholding of another’s property, with the intent prescribed in subdivision one of this section, committed in any of the following ways:
*651 (a) By conduct here defined or known as common law larceny, by trespassory taking, common law larceny by trick, embezzlement, or obtaining property by false pretenses ”.
In the instant case the facts are uncontroverted that the said Dominic Aprigliano made a false representation of an existing fact, when he represented to the plaintiff that he was the rightful owner of the 1967 Chevrolet Corvette; whereas, in fact, it was a stolen automobile.
In Giannetto v. General Exch. Ins. Corp. (10 A D 2d 442, 445) the court held — “‘to constitute the crime of obtaining property by false pretenses, the misrepresentations must be of an existing or a past fact * * * but such proof is not essential to a conviction for larceny by fraud or trick ’ ”.
In the present case the said Dominic Aprigliano not only obtained possession of plaintiff’s property but also title thereto by his false representation that he was the owner of the 1967 Corvette, when, in fact, he was not. The said Aprigliano clearly committed ‘ ‘ larceny ’ ’ of the automobile as covered under the policy of insurance, and “ larceny ” as defined in section 155.05 of the Penal Law.
The common-law distinction of obtaining property under false pretenses, embezzlement or larceny no longer exists in New York but all such crimes are embraced within definition of “ Larceny ”. (People v. Krumme, 161 Misc. 278.)
The three cases cited by defendant (Royal Ins. Co. v. Jack 113 Ohio St. 153 [1925]; Van Vechten v. American Eagle Fire Ins. Co., 239 N. Y. 303 [1925], and Illinois Auto Ins. Exch. v. Southern Motor Sales Co., 207 Ala. 265 [1922]) cannot be relied upon as they differ from the present ease in that the wording of the clause involved is different, and/or the type or form of policy in those cases varies from the present case and/or the factual situation in those cases differ from the present case.
Defendant’s argument based on the so-called “ loss payable ” clause is untenable in that said clause refers to a party that is not involved in the present action (see Plaintiff’s Exhibit “ a ”, p. 1, item 8, wherein it clearly states ‘ ‘ The Loss Payable stated on the reverse side hereof applies only in favor of the named lienholder, unless the policy is otherwise endorsed.”) — and there is no indication that the policy is “ otherwise endorsed.” Secondly, in reference to this “Loss Payable Clause ” specifically sets forth the status of the parties it is applicable to: “ Lessee, mortgagor, purchaser or other debtor in the possession of the property insured under a bailment lease, conditional sale, mortgage or other security interest.”
*652 None of the parties to this action, nor any involved in the transaction leading to this action is described or in any way referred to in said clause.
Defendant’s contention, that plaintiff has no insurable interest in the automobile, cannot be sustained, as the facts are that there was a policy of insurance in effect at the time of the transaction when the loss was sustained, and plaintiff had an insurable interest at the time of the loss.
Plaintiff’s motion for summary judgment is granted to the extent of striking out the defendant’s answer and the matter is set down for a hearing on October 22, 1968 in Trial Term, Part III, for assessment of damages.