Jasen, J.
(dissenting). I would reverse the order of the Appellate Division.
Defendants were originally sentenced to a period of impris *603 onment and fined upon their convictions for possession of gambling records in the first degree and promoting gambling in the first degree. Both offenses are class E felonies (Penal Law, §§ 225.10, 225.20), for which a period of imprisonment may be imposed. (Penal Law, § 70.00, subds 2, 4.) The court may also impose a fine, provided that defendant gained money or property through the commission of the crime. (Penal Law, § 80.00, subd 1.) On a prior appeal by the People, the Appellate Division ruled the sentences imposed on defendants to be "invalid as a matter of law, because of failure to comply with section 80.00 of the Penal Law, since the sentencing court made no findings as to the amount of gain of these defendants from the crime.” (40 AD2d 564, 565.) The sentences were reversed and the cases remanded "for the purpose of resentencing”. (40 AD2d, at p 565.) We affirmed the order of the Appellate Division, without opinion. (33 NY2d 621.) On resentencing, the County Court remitted the fines, but imposed longer definite prison terms, with credit for time served. The Appellate Division reduced the prison terms to those originally imposed upon the ground that the increased terms of imprisonment violated the constitutional prohibitions against double jeopardy. (47 AD2d 911.) The majority concludes that the original sentences were but partially invalid, that the terms of imprisonment were lawful, and, therefore, the sentencing court was without authority to impose additional terms of imprisonment. I cannot agree.
Where there is a defect in an integral part of a sentence, the entire sentence is void and the defendant must be resentenced according to law. (People v Harrington, 21 NY2d 61, 64; People v Bradner, 107 NY 1, 11-12; People ex rel. Friedman v Hayes, 172 App Div 442, 444-445; see People ex rel. Sedotto v Jackson, 307 NY 291, 294-295.) Although a sentence that is entirely lawful or but technically defective may not be altered once the term of the sentence has commenced (CPL 430.10),* a sentence that is legally defective in a substantial respect may be vacated by the sentencing court (CPL 440.20, 440.30, 440.40) or set aside on appeal (CPL 450.30, 470.15, subd 2, par [c]; 470.35).
In this case, the imposition of the fine was an integral part *604 of the entire sentence. It can hardly be disputed that the sentencing court intended to impose harsher punishment than the brief terms of imprisonment originally imposed. When the portion of the sentences that constituted the additional punishment—i.e., the fines—was declared invalid, the entire sentence was necessarily affected. Indeed, the Appellate Division, in reversing the original sentences, remanded for a complete resentencing and did not merely direct the holding of a hearing on the fines.
The gravamen of defendants’ complaint is that the sentencing court, on remand, remitted the fines and imposed additional periods of imprisonment. The power of the court to impose harsher terms upon a resentence necessitated by legal error is expressly recognized by statute. (CPL 440.40, subd 6; 440.30, subd 4.) The court may impose additional terms of imprisonment, provided that the resentence itself is in accordance with statute. (People v Gillette, 33 AD2d 587; see, also, People v Fink, 27 AD2d 893, 894.) Here, there is no question but that the additional terms of imprisonment were within the range of discretion established by the Penal Law. (Penal Law, § 70.00, subd 2, par [e].) Moreover, from a practical viewpoint, the additional period of imprisonment should not be considered as an alteration of the original terms of imprisonment but as a substitute for the defective assessment of fines. However, under either view, the initial sentence was entirely void and the court was required to resentence defendants de novo. The resentence, by itself, was entirely lawful.
Nor does the imposition of an additional period of imprisonment involve the imposition of a second punishment for the same offense. (People v Garcia, 272 App Div 1084, cert den 335. US 836; People ex rel. Darling v Martin, 202 Misc 775.) The only constitutional requirement is that, upon resentence, the court must fully credit time already served. (See North Carolina v Pearce, 395 US 711, 718-719.) This was done here. Moreover, this case does not involve a vindicative attempt to punish defendants for pursuing their rights to appeal. The resentence resulted from an appeal taken by the People, not by the defendant. In sum, the Constitution permits a single lawful punishment for a particular offense. (North Carolina v Pearce, 395 US, at p 721, supra.) Since the defendants’ original sentence was not lawful, it was constitutionally proper to resentence them to lawful terms of imprisonment, as provided by statute.
*605 For the reasons stated, I would reverse the order of the Appellate Division and reinstate the sentences imposed in their entirety.
Chief Judge Breitel and Judges Gabrielli, Fuchsberg and Cooke concur with Judge Wachtler; Judge Jasen dissents and votes to reverse in a separate opinion in which Judge Jones concurs.
Order modified and the case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.

 The section, in its entirety, provides: "Except as otherwise speciñcally authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced.” (Emphasis added.)